EPHRAIM HOWE, Respondent, *against* JAMES P. WELCH, Appellant.

(Decided December 7th, 1886.)

In an action on a promissory note, the defendant relied on the defense of the statute of limitations of Iowa. *Held*, that the decisions of the Supreme Court of Iowa in exposition of the statute were controlling on the court, and that such decisions hold a mere excuse by the debtor for not paying a debt, by asserting an inability to pay it, an implied promise to pay which will revive the indebtedness.

*It seems* that if the defendant had not based his defense solely on the statute of limitations of Iowa, the court, after deciding that that statute had not run, would have tested his liability by the *lex fori*, the statute of limitations of New York, and if the debt were barred by the latter statute, would have given him judgment.

APPEAL from an order of the General Term of the City Court of New York reversing an order of that court setting aside a verdict directed for plaintiff and directing judgment for defendant.

The action was brought in 1884 to recover a balance due on a promissory note made in Missouri in 1869 by defend-

ant, then a resident of that state. In 1872 defendant removed to Iowa and continued to reside there until 1883, when he removed to New York. At various times between 1876 and 1879, when pressed for payment of the note by the payee, his father, and on the payee's death, by his executors, he wrote letters in which the following statements were made: " I will pay it as soon as I possibly can; but," etc.; " Be patient, and I will pay you all; " " I had expected to be able to pay you what I owed you, but it is impossible; " " I will pay you as soon as I can."

A verdict directed for plaintiff, subject to the opinion of the court, was set aside, and judgment directed for defendant. From that order plaintiff appealed.

*Albert Allen Abbott,* for appellant.

*Nelson S. Spencer,* for respondent.

VAN HOESEN, J. — At the trial, the defendant said that he would rely solely upon the statute of limitations of the state of Iowa for his defense. In his answer he had pleaded a discharge from liability under section 390 of the Code of Civil Procedure, and there was perfect harmony, therefore, between his plea and the position that he took at the trial. The sole question to be tried was, whether or not, in a court of the state of Iowa, an action against the defendant upon the note would have been barred by the statute of limitations of Iowa. In determining that question, the City Court very properly guided itself by the decisions of the Supreme Court of Iowa in exposition of the statute of that state (Sedgwick Stat. & Const. Law p. 425). I have looked at the cases cited by counsel in the 3d Iowa and the 51st Iowa, and also at a case in the 55th Iowa, and I find that where a debtor merely excuses himself from paying the debt by asserting that he is unable to pay it, the courts of Iowa have refused to draw the conclusion that he is unwilling to pay, but rather have inferred that he desires

to pay; and from the admission of liability and the imputed willingness to pay they have deduced an implied promise to pay, which, according to the Iowa laws, revives the original indebtedness. It must be observed, however, that it is apparent from the case in the 55th Iowa that the Supreme Court of that state intends so to construe the Iowa statute as to bring their decisions into harmony with the policy that has lately governed the courts of other states in expounding the statute of limitations. That policy I understand to be to treat the statute as a statute of repose, and to hold that if there be accompanying circumstances that repel the presumption of a promise or an intention to pay, or if the expression be vague, equivocal, and indeterminate, or if it be apparent that the debtor contemplated a compromise with the creditor, or if there is room for a difference of opinion as to whether or not the debtor intended to pay the claim just as the creditor presented it for payment, the demand is not taken out of the operation of the statute. But the conclusion that the City Court arrived at, is, in my opinion, fully warranted by the decision in 3d Iowa.

In order to prevent misunderstanding in the future, I deem it proper to say that, but for the determination of the defendant to stake his case upon the efficiency of the Iowa statute as a bar, the courts of New York, after deciding that that statute had not run, would have tested the defendant's liability by the *lex fori*, the statute of limitations of the state of New York. In other words, if the debt were barred by the Iowa statute, no action upon it could be maintained in a court of this state; but if the debt were not barred in Iowa, the statute of limitations of the state of New York might nevertheless have been a bar, in this action.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.