## GOLDBERG v. LIPPMANN.

(City Court of New York, General Term. November 27, 1893.)

1. **STATUTE OF LIMITATIONS—ACTION ON NOTE—PLEADING.**
   In pleading the statute of limitations to an action on a note, defendant need not allege that "the cause of action accrued," instead of "the note fell due," more than six years prior to commencement of action.

2. **SAME—NOTE MADE IN ANOTHER STATE—STATUTE APPLICABLE.**
   In an action on a note executed in another state, one who has resided continuously in this state under his real name for the full period of the statute of limitations of this state prior to the action can avail himself of such statute.

Appeal from trial term.

Action by Leopold Goldberg against Moritz Lippmann on a note. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

John J. Gleason, for appellant.
M. A. Kinscheedt, for respondent.

VAN WYCK, J. The alleged cause of action is upon a promissory note, by setting forth a copy of same, made by defendant to order of plaintiff, dated, "Denver, August 27, 1883," and payable three months after date. The defendant, by answer, pleaded the statute of limitation of this state, by alleging that this action was begun on November 3, 1892; that for six years prior thereto he had continuously resided in this state; and that the note sued on fell due more than six years prior to commencement of the action. This cause of action accrued when the note fell due, and hence there is no merit in respondent's suggestion that the defendant must allege specifically that "the cause of action accrued," instead of that "the note fell due," more than six years prior to commencement of action.

At trial, defendant, at the very threshold of his defense, was prevented from proving his continuous residence in this state for more than six years, under a ruling that the law of the state of New York was not applicable, but that the law of the state of Colorado was applicable, and to which he duly excepted. No suggestion in justification of this ruling is made, except, in respondent's brief, that section 390 of the Code requires a defendant to plead the law of limitation of the foreign state; but this section, by express terms, applies to a nonresident defendant sued here, to enable him to avail himself of his residence in the foreign state during the period of limitation there, as a defense in the action against him here. But this defendant is not a nonresident, and alleges six years' continuous residence in this state; hence he pleaded properly by setting up the statute of limitation of New York, for the plaintiff sought his remedy here. Therefore the defendant could avail himself of our statute of limitation, and had no concern whatever with the statute of the state where the contract was made. In the Engel Case, 102

N. Y. 400, 7 N. E. Rep. 300, Judge Earl writing, the court of appeals held that the defendant, who was sued in this state upon a bill of exchange accepted by him in Vienna, Austria, could plead successfully his residence here for six years and our statute of limitation, in bar of the cause of action, although he had absconded and fled from Vienna, and came and resided here under an assumed name, for the purpose of concealing himself from his creditors. This decision in 1886 probably suggested the amendment of 1888 to section 401 of the Code, which now precludes a defendant who "resides within the state under a false name" from availing himself of our statute of limitations; but neither this, nor any other existing provision of the Code, disturbs the rule that a person who resides continuously, under his true name, in this state for six years prior to action against him on a note, bill of exchange, or other causes of action enumerated in section 382, can, by pleading and proof, avail himself of our statute of limitation in bar of such cause of action. This defendant's pleading entitled him to make proof of the facts pleaded, and it was error to prevent him from doing so at trial. Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.