(17 App. Div. 517.)

## TAYLOR v. SYME et al.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

1. STATUTE OF LIMITATIONS—CAUSE OF ACTION ACCRUING IN ANOTHER STATE.
   A debtor who came from another state to New York before his debts were barred by the statute of limitations of such other state is not entitled to the benefit of Code Civ. Proc. § 390, which provides that an action cannot be brought in New York, against a person who was a nonresident when the cause of action accrued, after the expiration of the time limited by the laws of his residence.

2. EXECUTORS AND ADMINISTRATORS—ANCILLARY LETTERS—COLLATERAL ATTACK.
   The issuance of ancillary letters testamentary on a foreign will, on a petition which states facts sufficient to give the surrogate jurisdiction, cannot be collaterally attacked on the ground that the recital of such facts was false.

Appeal from trial term, New York county.

Action by M. Temple Taylor, as executor of the will of Eliza Kenner, deceased, against Frederick J. Syme and another on two promissory notes. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendant Syme appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Edward F. Brown, for appellant.

G. D. Armstrong, for respondent.

VAN BRUNT, P. J. The defendants Frederick J. Syme and Columbus H. Allen (who was not served) were partners doing business under the name of Allen & Syme, at New Orleans, La. They leased a plantation from one Eliza Kenner, and gave their co-partnership notes in payment for the rental. The notes in suit were the last two of the series. The lease contained a provision that, if the lessees should be deprived of the use of the premises by and through any causes beyond their control or any fortuitous event, they should be allowed a reduction or diminution of their rental pro tanto. At the end of two years the firm of Allen & Syme failed, and the creditors took possession of the property on the leased premises, and seized the mules, machinery, etc. Immediately after this failure the defendant Syme left New Orleans, and came to the city of New York. The said Eliza Kenner brought this action, the summons being served

oṅ the defendant Syme in September, 1890.　She died leaving a last˙ will and testament, and M. Temple Taylor, as executor, acting under papers purporting to be ancillary letters testamentary granted by the surrogate of the county of New York, was substituted as plaintiff. The defendant Syme claims that both notes were barred by the Louisiana statute of limitations; that the surrogate had no jurisdiction to issue ancillary letters testamentary; and that the defendant was released from the payment of the notes under the terms of the lease. The Louisiana statute of limitations was put in evidence.　It reads as follows:

"Rev. Civ. Code, art. 3540 (3505).　Actions on bills of exchange, notes payable to order, or bearer, except bank notes, those on all effects negotiable or transferable by endorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable."

It is well settled that the statute of limitations of other states are not available in actions brought in this state in the absence of a statute making them so; and for a considerable period of time parties who happened˙ to have either their persons or property within this state were subjected to actions in this state upon debts which had been barred by the statute of limitations of their place of residence. In order to meet cases of this description the law, as embraced in section 390 of the Code of Civil Procedure, was enacted.　It provides that:

"Where a cause of action, which does not involve the title to or possession of real property within the state, accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him or his personal representatives, after the expiration of the time limited by the laws of his residence, for bringing a like action, except by a resident of this state, and in one of the following cases," etc.

In other words, where a debt has been barred by the laws of the residence of the debtor, a nonresident cannot avail himself of the courts of this state for the purpose of enforcing such debt.　By coming into this state, the foreign debtor is not deprived of the protection given him by the·statute of limitations of his home government, except in the cases referred to in section 390, of which the case at bar is not one.　But the defendant in this action at the time he left the state of Louisiana had not acquired the protection of the statute of limitations of that state, and consequently was not entitled to its protection, under the provisions of section 390 of the Code.　He brought with him only the conditions existing at the time he left, and nothing more.

The next point raised is that the surrogate had no jurisdiction to issue ancillary letters.　The deceased, Eliza Kenner, left a last will and testament, which was duly admitted to probate in the courts of Louisiana, and letters testamentary issued thereon to the plaintiff in this action, and in August, 1896, an application was made to the surrogate of the county of New York for ancillary letters upon a petition of the attorney of the plaintiff setting up the fact of the will; that the deceased was at the time of her death a resident of Mobile, in the state˙ of Alabama; that a will had been duly admitted to probate in Louisiana, where the decedent left real estate, and the said will was exe-

cuted; the issuance of letters testamentary thereon, and the existence of personal property within this state. Attached to said petition were the will and proofs of execution, by which it appeared that the will in question was not executed in Louisiana, but in Alabama. It is claimed that, because of this fact, the surrogate had no jurisdiction to issue the letters because by the provisions of the Code (section 2695) ancillary letters can be granted upon a foreign will only where such will has been admitted to probate within a foreign country, or within the state or territory of the United States where it was executed, or where the testator resided at the time of his death. We are of opinion that the petition presented to the surrogate contained adequate allegations to confer jurisdiction upon him. His judicial action, having acquired such jurisdiction, cannot be inquired into collaterally, as is attempted to be done in the case at bar. Undoubtedly, if no facts had been alleged which gave the surrogate jurisdiction to act, the objection to want of jurisdiction might be raised at any time and in any proceeding in which the action of the surrogate might be put in evidence. But, where such papers are presented as call upon the surrogate to determine the question of jurisdiction, his decision that he has jurisdiction, and his action in accordance with such decision, cannot be questioned in a collateral proceeding. The defendant in this action has no interest in that question, and he cannot avail himself of the objection, for the reasons above stated. Neither is the defendant absolved from his obligation by the terms of the lease. As has been above stated, the lease provided that if the lessees should be deprived of the use of the leased premises by or through any causes beyond their control, or any fortuitous event, they should be allowed a reduction or diminution of their rent pro tanto. It is perfectly clear that the failure of these defendants was not such a circumstance as comes within this provision. If they had not contracted the debts which they were unable to pay, they would not have failed; and it was certainly within their power to have refrained from contracting such debts, so far as this record shows. It is plain what the intention of this exemption was. It is similar to the exemptions contained in leases with which we are familiar, where improved premises are destroyed by fire and the tenants are released from the obligation to pay rent. So here, if the tenants were deprived of the use of the premises through causes beyond their control or any fortuitous event, they were released. But that did not mean causes set in motion by the acts of the tenants which had gotten beyond their control. We are of opinion that the judgment and order should be affirmed, with costs. All concur.