M. TEMPLE TAYLOR, as Executor, etc., of ELIZA KENNER, Deceased, Respondent, *v.* FREDERICK J. SYME, Appellant, Impleaded with Others.

*Statute of Limitations of other States — application of § 390 of the Code of Civil Procedure — jurisdiction to grant ancillary letters upon a foreign will — lease providing for a reduction in rent in case the lessee loses the use of the premises.*

The Statutes of Limitations of other States are not available as a defense to an action in the State of New York, in the absence of a statute making them so.

Under section 390 of the Code of Civil Procedure a debt must have been barred by the laws of the State of the residence of a non-resident debtor in order to bar the enforcement of the debt by the non-resident creditor in the courts of the State of New York.

A petition for ancillary letters. setting forth the will; that the deceased, at the time of her death, was a resident of Alabama; that the will was admitted to probate in Louisiana, where the deceased left real estate and the will was executed; the issuance of letters testamentary thereon and the existence of personal property of the deceased in the State of New York, is sufficient to confer jurisdiction upon the surrogate to act.

A provision in a lease, to the effect that, if the lessees should be deprived of the use of the premises by and through any causes beyond their control or any fortuitous event, they should be allowed a reduction or diminution of their rent *pro tanto*, does not extend to a case where the deprivation resulted from the fact that the lessees failed, and their creditors took possession of the property.

APPEAL by the defendant, Frederick J. Syme, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of January, 1897, upon the verdict of a jury rendered by direction of the court, and also from an order bearing date the 27th day of January, 1897, and entered in said clerk's office denying the defendant Frederick J. Syme's motion for a new trial made upon the minutes.

The action was brought to recover upon two promissory notes executed by the defendants Frederick J. Syme and Columbus H. Allen under the firm name of Allen & Syme, and delivered to the plaintiff's testatrix.

*Edward F. Brown*, for the appellant.

*George D. Armstrong*, for the respondent.

Van Brunt, P. J.:

The defendants, Frederick J. Syme and Columbus H. Allen (who was not served), were partners doing business under the name of Allen & Syme at New Orleans, Louisiana. They leased a plantation from one Eliza Kenner and gave their copartnership notes in payment for the rental. The notes in suit were the last two of the series. The lease contained a provision that if the lessees should be deprived of the use of the premises by and through any causes beyond their control or any fortuitous event they should be allowed a reduction or diminution of their rental *pro tanto*.

At the end of two years the firm of Allen & Syme failed and the creditors took possession of the property on the leased premises and seized the mules, machinery, etc. Immediately after this failure, the defendant Syme left New Orleans and came to the city of New York. The said Eliza Kenner brought this action, the summons being served on the defendant Syme in September, 1890. She died leaving a last will and testament, and M. Temple Taylor, as executor acting under papers purporting to be ancillary letters testamentary granted by the surrogate of the county of New York, was substituted as plaintiff.

The defendant Syme claims that both notes were barred by the Louisiana Statute of Limitations; that the surrogate had no jurisdiction to issue ancillary letters testamentary, and that he was released from the payment of the notes under the terms of the lease.

The Louisiana Statute of Limitations was put in evidence. It reads as follows: "Art. 3540 (3505). Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by endorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable." It is well settled that the Statutes of Limitations of other States are not available in actions brought in this State in the absence of a statute making them so, and for a considerable period of time parties who happened to have either their persons or property within this State were subjected to actions in this State upon debts which had been barred by the Statute of Limitations of their place of residence. In order to meet cases of this description the law as embraced in section 390 of the Code of Civil Procedure was enacted. It pro-

vides that "where a cause of action which does not involve the title to or possession of real property within the State accrues against a person who is not then a resident of the State, an action cannot be brought thereon in a court of the State against him or his personal representative, after the expiration of the time limited by the laws of his residence, for bringing a like action except by a resident of this State, and in one of the following cases," etc. In other words, where a debt has been barred by the laws of the residence of the debtor, a non-resident cannot avail himself of the courts of this State for the purpose of enforcing such debt. By coming into this State the foreign debtor is not deprived of the protection given him by the Statute of Limitations of his home government except in the cases referred to in section 390, of which the case at bar is not one. But the defendant Syme at the time he left the State of Louisiana had not acquired the protection of the Statute of Limitations of that State, and consequently was not entitled to its protection under the provisions of section 390 of the Code. He brought with him only the conditions existing at the time he left and nothing more.

The next point raised is that the surrogate had no jurisdiction to issue ancillary letters. The deceased, Eliza Kenner, left a last will and testament which was duly admitted to probate in the courts of Louisiana, and letters testamentary thereon were issued to the plaintiff in this action, and in August, 1896, an application was made to the surrogate of the county of New York for ancillary letters upon a petition of the attorney of the plaintiff setting up the fact of the will; that the deceased was at the time of her death a resident of Mobile in the State of Alabama; that the will had been duly admitted to probate in Louisiana where the decedent left real estate and the said will was executed; the issuance of letters testamentary thereon and the existence of personal property within this State. Attached to said petition were the will and proofs of execution, by which it appeared that the will in question was not executed in Louisiana, but in Alabama.

It is claimed that because of this fact the surrogate had no jurisdiction to issue the letters, because by the provisions of the Code of Civil Procedure (§ 2695) ancillary letters can be granted upon a foreign will only where such will has been admitted to probate within a foreign country or within the State or Territory of the United States

where it was executed, or where the testator resided at the time of his death. We are of opinion that the petition presented to the surrogate contained adequate allegations to confer jurisdiction upon him. Having acquired such jurisdiction, his judicial action cannot be inquired into collaterally as is attempted to be done in the case at bar. Undoubtedly if no facts had been alleged which gave the surrogate jurisdiction to act, the objection of want of jurisdiction might be raised at any time and in any proceeding in which the action of the surrogate might be put in evidence. But where such papers are presented as call upon the surrogate to determine the question of jurisdiction, his decision that he has jurisdiction and his action in accordance with such decision cannot be questioned in a collateral proceeding. The defendant in this action has no interest in that question and he cannot avail himself of the objection for the reasons above stated.

Neither is the defendant Syme absolved from his obligation by the terms of the lease. As has been above stated, the lease provided that if the lessees should be deprived of the use of the leased premises by and through any causes beyond their control or any fortuitous event they should be allowed a reduction or diminution of their rent *pro tanto.* It is perfectly clear that the failure of these defendants was not such a circumstance as comes within this provision. If they had not contracted the debts which they were unable to pay, they would not have failed, and it was certainly within their power to have refrained from contracting such debts so far as this record shows. It is plain what the intention of this exemption was. It is similar to the exemptions contained in leases with which we are familiar — that where improved premises are destroyed by fire, the tenants are released from the obligation to pay rent. So, here, if the tenants were deprived of the use of the premises through causes beyond their control or any fortuitous event, they were released. But that did not mean causes set in motion by the acts of the tenants which had gotten beyond their control.

We are of opinion that the judgment and order should be affirmed, with costs.

RUMSEY, WILLIAMS, PATTERSON and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.