THE HAYS LAND AND INVESTMENT COMPANY, *Appellee*, v. GEORGE M. BASSETT *et al.* (J. B. MOORE, *Appellant*).

No. 17,076.

SYLLABUS BY THE COURT.

1. ACTIONS AND REMEDIES—*Accrual of Action—Place—Time.* A cause of action upon a contract for the payment of money arises, within the meaning of section 21 of the civil code, at the time of the maturity of the obligation, upon the default of payment, and in the state or country where the obligor at the time resides and may be summoned; it arises, or accrues, within the meaning of that section, but once and at no other time or place.

2. LIMITATION OF ACTIONS—*Nonresident Obligor—Foreign Statute Controls.* When a cause of action arises the statute of limitation of the state or country where the obligor resides

immediately begins to run, and if in another state or country than this state, an action on the contract is not barred by limitation in this state by the provisions of section 21 of the civil code until and unless the bar of limitation has fallen in such other state or country.

3. PLEADINGS—*Statute of Limitation—Waiver.* Where a defendant in his answer, in such action, pleads only the statute of limitations of one state, he waives and can not rely upon or prove the statute of another state as a bar to the action.

Appeal from Sherman district court. Opinion filed June 10, 1911. Affirmed.

*George H. Whitcomb,* and *Clad Hamilton,* for the appellant.

*Lee Monroe,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was tried to the court, without a jury, and, after hearing the evidence and taking the case under advisement for a time, the court made the following findings of fact:

"This is an action to foreclose a real-estate mortgage given upon the southeast quarter of section 12, in township 10, range 41, in Sherman county, Kansas. The action was begun in July, 1907. The mortgage was executed by George M. Bassett and wife, Ruth A. Bassett, to Volney Kinyon on November 1, 1887, and fell due on November 1, 1892. It is for $450 and bears interest at the rate of seven per cent per annum. On April 26, 1888, the mortgage was assigned to Dennis Tracey, jr., and was recorded on April 30, 1888. Afterward it was assigned by one C. J. Bills to the plaintiff, who produced the same together with the note duly indorsed by said Bills in court at the trial hereof. There is no assignment of either the note or mortgage by Dennis Tracey, jr., to anyone. Soon after the note and mortgage were given by Bassett and wife they left Kansas and went into the state of Iowa, where they stayed and resided for a period of some three years, when they left that state and went into the state of Nebraska, where they were and resided at the time the note and mortgage matured, to wit, on November 1, 1892. They re-

4—85 KAN.

mained in Nebraska for about four years after the maturity of the note and mortgage, but not long enough for the cause of action thereon to become barred in that state, when they went into the state of Iowa and again took up their residence therein, remaining there for a time sufficient to bar the action on the note and mortgage in Iowa, had the note and mortgage matured while they were living therein. The mortgagee was at the maturity of the debt a nonresident of this state. Interest was paid on the note up to May 1, 1893. The taxes on the land became delinquent for the year 1895, and the land was sold to the county of Sherman at the sale held in September, 1896, for the taxes of 1895. On January 11, 1902, the county treasurer was authorized by the board of county commissioners of the county to execute and the county clerk was authorized to assign a tax-sale certificate to one J. B. Moore, one of these defendants, covering this land, for the sum of $51.75, under the law authorizing the board to compromise taxes. On the 2d day of August, 1902, the county clerk issued and delivered to said Moore a tax deed under such compromise, which tax deed was recorded on August 9, 1902. On the 12th day of February, 1902, the then owners of the fee conveyed the same by quitclaim deed to defendant J. B. Moore, which deed was recorded on February 26, 1902. Ever since this last date defendant Moore has been in possession of the land under said quitclaim deed. Prior to that time, the land being vacant and unoccupied, defendant Moore used it for grazing purposes, built some fencing thereon, planted some trees, and had the use of the premises. There is no evidence showing whether or not permission was given by the then owner of the fee for such use by him. After February, 1902, defendant Moore planted some more trees on said land, the value of which is not shown. Since that time he has paid the taxes on the land and has used it as a part of his ranch. The expressed consideration for the tax deed is $59.45. The amount of subsequent taxes paid by Moore is not shown. Defendant Moore claims that plaintiff can not enforce foreclosure of its mortgage for several reasons, amongst which are these: That the mortgage is barred by statutory limitation; that it is barred by laches; that plaintiff is not the owner of the note and mortgage; that the mortgage has been satisfied and released by the parties in interest."

The tax deed to Moore was held invalid for reasons which are not questioned and judgment was entered in favor of the plaintiff, but Moore was adjudged a lien on the land in the sum of $119.72, with interest from the date of judgment. No questions are raised upon the findings, nor are any trial errors assigned other than it is claimed that the court should have found the action barred by the statutes of limitation of Kansas and Iowa or of Kansas and Nebraska. The defense of the judgment is that it was not barred by any statute.

The appellant asked that in case this court should approve the findings, that the action is not barred under the statutes of Kansas and Iowa, that the court should receive evidence as to the statutes of Nebraska, or remand the case to the district court with orders to take such evidence. The appellant in his answer pleaded and relied upon section 21 of the civil code of Kansas, which reads:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action can not be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."

He also pleaded and relied upon the statute of limitations of the state of Iowa.

Under the authority of *Bruner v. Martin*, 76 Kan. 862, the facts found clearly indicate that the cause of action did not accrue in the state of Iowa, but arose, in the language of our statute, in the state of Nebraska. Therefore, although it is found that the maker of the note resided in the state of Iowa a sufficient length of time for the cause of action to have been barred by the statute in that state, if the action had accrued in that state, the limitation in Iowa would not apply under section 21 of our code. Had the maker remained in the state of Nebraska, where the cause of

action arose, until the expiration of the limitation in that state, the action would thereafter have been barred in this state under the provisions of our statute, but as the maker did not remain in Nebraska for such period of time, the action was not barred in that state and is not barred in this.

A cause of action for the payment of money arises, or accrues, upon the concurrence of two conditions, namely, (1) the maturity of the time of payment; (2) the failure to pay. Upon such concurrence the action may be brought against the debtor in any jurisdiction where service of summons can be obtained upon him. Upon the maturity and nonpayment of the debt the limitation of time within which an action may be sustained against him therefor immediately begins to run in the state of his then residence, and not elsewhere. If he continues his residence therein for the period prescribed by the statutes thereof, the bar falls in his favor not only in the state of his residence but in all states having a statute substantially like section 21 of our code. If the debtor removes from such state before the bar of limitation falls and does not return thereto, the limitation of such state not being complete therein and, by law, incapable of being started elsewhere, can never anywhere run in his favor; if he returns thereto, the statute, being tolled during the time of his absence, again becomes effective, and if he remains therein a sufficient length of time in addition to the time before his departure the bar of the statute falls in his favor. In no other jurisdiction with statutes like ours, and there are many similar, does the limitation ever begin to run or the bar ever fall. In a broad sense the concurrence of a matured debt and nonpayment thereof constitute a cause of action in favor of the creditor and against the debtor everywhere, but a remedy can be had only in a jurisdiction where the debtor or his property may be found. The function of courts is remedial and they do not

Land Co. v. Bassett.

dawdle with causes of action in which they can adjudge no remedy. The power to adjudge a remedy thus becomes determinative of the right to maintain an action. Hence, our courts and the courts of other states have so construed section 21 of our civil code, and other like statutes, that the cause of action arises, or accrues, in the state or jurisdiction where the debtor resides at the time his obligation matures; that it arises within the meaning of such statutes but once and not elsewhere. We hold in accordance with this view. (*Bruner v. Martin*, 76 Kan. 862; *McKee v. Dodd*, 152 Cal. 637; *Anglo-American Land, M. & A. Co. v. Lombard*, 132 Fed. 721; *Banking Ass. v. Com. Nat. Bank*, 157 Ill. 524; *John Shillito Co. v. Richardson*, 102 Ky. 51; *Chevrier v. Robert*, 6 Mont. 319.)

It is urged by the appellant that after the maturity of the obligation the failure to pay is a continuing fault, and that for the purposes of such statutes a cause of action arises anew in each jurisdiction to which the debtor may remove. If this be true, why may it not as well be true that a new cause of action arises in any jurisdiction in which the debtor resides from day to day, and upon the bringing of an action why may not the default be alleged as of the day previous thereto?

As to the claim that this court should hear evidence of the statute of Nebraska, or that the cause be remanded with instructions to the court below to hear that evidence, it may be said that where a party pleads a statute of limitation not applicable to the cause of action claimed to be barred, he waives and can not invoke the protection of another statute not pleaded. (*John P. Greer v. Daniel M. Adams*, 6 Kan. 203; *Hawley v. Histed*, 10 Kan. 266; *Chellis v. Coble*, 37 Kan. 558; *Downey v. Railroad Co.*, 60 Kan. 499; *Croan v. Baden*, 73 Kan. 364; 25 Cyc. 1408.)

It appears, then, that the appellant waived by his pleading any claim of benefit under the statute of limi-

tation of Nebraska, and that evidence would not have been admissible if it had been tendered on the trial in the court below. Without determining the right of this court to hear and determine evidence originally, it would, of course, follow that such evidence would not be admissible here, or in the court below, without amending the answer. The appellant has made his election and is bound by it.

The judgment is affirmed.