# CHARLESTON.

BROWN *et al.* v. HATHAWAY.

Submitted January 27, 1914.   Decided February 3, 1914.

1. LIMITATION OF ACTIONS—*Construction of Statute—Period.*
   When properly construed, the clause of §18, ch. 104, Code 1906, providing that ''upon a contract which was made and was to be performed in another state or country, by a person who then resided
73 W. Va.

therein, no action shall be maintained after the right of action is barred by the laws of such state or country'', restricts, and does not enlarge the statutory period of limitations prescribed by other sections of the same chapter.  (p.606).

2.  SAME.

Such provision, when thus construed, means only that if the right to maintain the action is in fact barred by *lex loci contractus* it is also barred by *lex fori*, if the former period is less than the latter or is complete before action thereon in this state.  (p. 606).

Error to Circuit Court, Greenbrier County.

Action by Clark E. Brown and others, partners, against Amos Hathaway.  Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

*Craig & Wolverton,* and *S. N. Pace,* for plaintiffs in error.

*Henry Gilmer,* for defendant in error.

LYNCH, JUDGE:

Upon the return day of a notice pursuant to and for the purpose authorized by §6, ch. 121, Code 1906, plaintiffs, Brown and Brown, partners, moved for judgment against defendant on two writings obligatory—one dated October 23, 1895, for $1000, payable one day after date at Mt. Jewett Bank, Mt. Jewett, Pa.; the other dated March 23, 1896, for $250, payable two months after date at the same bank.   The contracts were therefore to be performed in Pennsylvania. The parties thereto then resided, and plaintiffs have since continuouly resided, in that state.   Defendant, though a resident of this state since 1897, was and remained a resident of Pennsylvania until after the right of action on the obligations had accrued.

Whether defendant may plead and rely on the statute of limitations of this state, to defeat a judgment on the obligations, presents the sole inquiry requiring examination.   Under the statute of Pennsylvania, if applicable, the present action may be maintained; by our law the right to sue on similar contracts is barred in ten years after it accrues.   Unless otherwise expressly provided, the general rule is that the law of the forum, and not the law of the place where the cause of action

arose, governs as to remedies, as distinguished from the rights of the parties; and the statutes of limitations are part of the remedy, and not of the laws affecting rights of the parties to the contract.

But for plaintiffs it is urged that the concluding clause of §18, ch. 104, Code 1906, when properly construed, contravenes this rule, and in lieu of our own statutory bar substitutes that of Pennsylvania. It provides that "upon a contract which was made and was to be performed in another state or country, by a person who then resided therein, no action shall be maintained after the right of action thereon is barred by the laws of such state or country." May the plain purport of the language and terms of this provision be so enlarged as to impress upon it by construction a meaning and purpose which, if intended, the legislature could have made clear by plain and unambiguous language? Plaintiffs would have us interpret it to mean that upon a contract made and to be performed in another state, by a person who then resided therein, an action may be maintained in this state at any time after the cause of action arose therein and before the expiration of the period of limitation fixed by such state, even though the right of action thereon were barred by the statute of this state. Though they cite *Nash* v. *Tupper*, 1 Caines (N. Y.) 402, 2 Am. Dec. 197, and *Isenberg* v. *Ranier*, 127 N. Y. S. 411, so construing a similar statute of New York, we decline to accept that construction. In our view, such construction does violence to the terms of the statute, and impresses on them a meaning not only not inferrable therefrom, but in plain violation of the meaning and purport of the language employed. On the contrary, the clause, properly interpreted, means that if the right to maintain an action on contracts made and to be performed in another state by one who then resided therein is barred by the laws of that state no action thereon may be maintained in this state, though if made and to be performed in this state it may not be so barred. Any other construction is unauthorized and at variance with the decisions of other courts. When the will of the legislature is clearly expressed, it should control. All statutory provisions are to be construed and applied "according to the exact and

specific language of the enactments." *Hatch* v. *Spofford,* 24 Conn. 432.

In construing a similar statutory provision, *Wright* v. *Mordaunt,* 27 So. (Miss.) 640, holds that "its sole purpose and effect are to give to one sued in this state the benefit of a bar completed elsewhere." *Hoggett* v. *Emerson,* 8 Kan. 262, says the effect of such a clause is to reduce the limitation law of that state, but that "it makes no provision for any enlargement of the limitations of our laws." In *Fletcher* v. *Spaulding,* 9 Minn. 64, it is said that the effect of the provision is simply to allow a citizen of Minnesota to plead the statute of limitations of a foreign state "when it is more favorable than our own," or to the same purpose "foreign statutes may be taken advantage of against foreign plaintiffs when more favorable than our own. * * * Nor can we see any good reason why our citizens should rest under greater obligations towards foreign creditors than are imposed upon them in regard to our own."

The diversity of views among courts discussing the clauses is perhaps more apparent than real. It is in part the result of a difference in phraseology. Some of them provide that no action shall be maintained if the bar of the foreign statute becomes complete "while the party to be charged was a resident of such state," or "while he resided therein," or "while the parties resided therein," or "when an action can not be maintained by reason of the lapse of time." Hence each statute must, and can only be properly interpreted in view of the terms used by the legislature. Thus, the difference in the terms of the several state statutes affords, to some extent, an explanation for the existence of the divergent views obtaining in the various jurisdictions relating to a conflict in limitation laws.

Our conclusion is that the circuit court properly construed and applied our statute. We therefore affirm its judgment of June 29, 1911.

*Affirmed.*