Perry v. Robertson.

No. 19,058.

WILLIAM F. PERRY, as Administrator, etc., *Appellant*,
v. EDWARD G. ROBERTSON, *Appellee*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Action Barred by Statute of Limitations.*
In an action brought in this state, the statute of limitations
of this state applies unless the statute of another state or
country is pleaded as applicable.

2. SAME—In such case, no other statute being pleaded, and it
appearing by the petition that the action is barred under
the statute of Kansas, the petition is demurrable.

Appeal from Sedgwick district court, division No. 2;
THORNTON W. SARGENT, judge. Opinion filed January
9, 1915. Affirmed.

*J. Graham Campbell,* and *Ray Campbell,* both of
Wichita, for the appellant.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,*
all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was instituted in the district
court of Sedgwick county, April 24, 1913, and was
brought by the administrator of the estate of the
former holder of a note and mortgage against Robert-
son, guarantor of the payment thereof. Copies of the
note and coupons, with all the endorsements, assign-
ments and writings thereon, including the guarantee of
the appellee, to wit: "Payment of the within bond and
coupons guaranteed. At 7 per cent. Protest waived.
(Signed)    Edward G. Robertson," were attached as
exhibits.

The first interest coupon fell due in October, 1886,
and the payee and guarantor, Robertson, both lived at
that time in Hartford, Conn., and, the coupon not being
paid, the cause of action, by virtue of an acceleration
clause, then accrued in that state for the full amount of

the indebtedness, and within the meaning of section 21 of the code the cause of action can not again accrue in that or in any other state. (*Land Co. v. Bassett,* 85 Kan. 48, 116 Pac. 475.)

The petition alleged that Noon and wife, the makers of the note, removed from the state of Kansas in 1889 and have ever since been continuously absent therefrom; that upon default of the makers to pay the interest coupon which matured October 1, 1886, Robertson became liable to the holder of the note for the payment thereof; that frequent demands have been made upon him therefor and he has at all times failed and refused to pay the same, and judgment is prayed for against him for the amount of the note and interest.

To this petition the defendant filed a general demurrer, and upon a hearing thereof the demurrer was sustained and judgment rendered in favor of the defendant. The plaintiff appeals.

It is urged that a debtor may or may not, as he chooses, pay his indebtedness or permit judgment to be rendered against him therefor after it is barred by limitation; that the statute of limitations is a defense, and that no such defense was pleaded in this action.

That this bar of the statute is a defense which the debtor may of may not plead is, of course, true, but where the petition shows on its face that the action is barred by limitation it is demurrable as alleging no cause of action. (*Zane v. Zane,* 5 Kan. 134; *Parker v. Berry,* 12 Kan. 351; *Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470.)

The plaintiff in this case contends that his action is saved by the provisions of section 21 of the civil code, which reads:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action can not be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."

The cause of action herein undoubtedly accrued in the state of Connecticut, and if the statute of limitations of that state had been pleaded and it appeared that the cause of action was barred by the statute of that state, the position of the plaintiff would still be untenable here. No statute of limitation of Connecticut or any other state was pleaded. In *Nickel v. Vogel,* 76 Kan. 625, 92 Pac. 1105, it was said:

"The statute of limitations of this state applies exclusively in all actions pending in the courts of this state, except as otherwise provided by law." (Syl. ¶ 2.)

No other statute of limitations being pleaded in this case, the statute of Kansas must apply.

In *Croan v. Baden,* 73 Kan. 364, 85 Pac. 532, it was said:

"The statute of limitations, to be available as a defense, must be affirmatively pleaded or otherwise asserted, and a failure to do so constitutes a waiver of such defense." (Syl. ¶ 2.)

But it was also said therein:

"In this case the defendant did not demur to the petition, object to the introduction of evidence, plead the statute of limitations in his answer or otherwise claim the protection of the Kansas statute." (p. 367.)

This implies that the rule there stated did not conflict with the decisions herein cited, that where it affirmatively appears from the petition that the action is barred by limitation, a demurrer to the petition will lie.

The plaintiff also cites *Bruner v. Martin,* 76 Kan. 862, 93 Pac. 165, in which it was said:

"An action on a promissory note can not be maintained here under section 22 of the code of civil procedure [Civ. Code, 1909, § 21] where both the plaintiff and the defendant were nonresidents of Kansas when the cause of action accrued and the defendant resided in a foreign state until the cause of action was barred by the laws of that state." (Syl. ¶ 2.)

45—93 KAN.

This has no application to this case for the reason that it does not appear that the defendant resided in any foreign state until the cause of action was barred by the laws of that state.

The plaintiff also cites *Land Co. v. Bassett*, 85 Kan. 48, 116 Pac. 475, in which it was said:

"Where a cause of action arises the statute of limitation of the state or country where the obligor resides immediately begins to run, and if in another state or country than this state, an action on the contract is not barred by limitation in this state by the provisions of section 21 of the civil code until and unless the bar of limitation has fallen in such other state or country." (Syl. ¶ 2.)

The plaintiff seems to assume that as the cause of action accrued in the state of Connecticut and the statute of limitations of that state immediately began to run, that, therefore, the statute of this state does not apply and can not be invoked as a bar. As we have seen, this position is untenable. If the limitation in Connecticut were only three years and if the guarantor and payee of the note had resided in that state at and after the cause of action accrued until an action was barred by the statute of that state, then an action brought in this state, more than three years after the cause of action accrued, could not under section 21 of the code be maintained in Kansas. The section removes no bar of limitation prescribed by our statute but, under the specified conditions, adds to the general provisions another bar.

It follows that the demurrer was properly sustained and the judgment is affirmed.