No. 19,058.

WILLIAM F. PERRY, as Administrator, etc., *Appellant*, v. EDWARD G. ROBERTSON, *Appellee*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Guarantor—Action Barred by Statute of Limitations*. A petition upon a written contract, maturing more than five years before the action is brought, is demurrable unless it shows some fact sufficient to interrupt the running of the statute of limitations. A statement that at the time the debt accrued the defendant was a resident of another state, which he afterwards left, is not sufficient, where more than five years have elapsed since the date of such change of residence.

2. SAME—*Nonresidents—Construction of Statute of Limitations*. The provision of the code (Civ. Code, § 21) that when a cause of action accrues in another state, between nonresidents of this state, and the statute of limitations of that state has run, no action can thereafter be maintained upon it here, is not exclusive; and where a cause of action accrues in another state between nonresidents of this state, and the obligor comes here before action thereon has been barred by the statute of that state, the ordinary Kansas statute begins to run in his behalf, and unless in some way interrupted within five years creates a bar.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion on rehearing filed July 10, 1915. Reaffirmed. (For original opinion see 93 Kan. 703, 150 Pac. 223.)

*J. Graham Campbell*, and *Ray Campbell*, both of Wichita, for the appellant.

*R. L. Holmes, Charles G. Yankey*, and *W. E. Holmes*, all of Wichita, for the appellee.

Perry v. Robertson.

The opinion of the court was delivered by

Mason, J.: On April 24, 1913, the plaintiff brought an action against the defendant upon a written guaranty of the payment of a promissory note, which (by virtue of an acceleration clause) matured October 1, 1886. The petition alleged that at that time the defendant and the owner of the note were residents of the state of Connecticut; that on January 1, 1889, the defendant became a nonresident of that state and has ever since been absent therefrom. A demurrer to the petition was sustained, the plaintiff appealed, and the judgment was affirmed. (*Perry v. Robertson*, 93 Kan. 703, 150 Pac. 223.) A rehearing was granted, upon which the case is now submitted.

The ruling of the trial court was affirmed upon the ground that the petition shows on its face that action in Kansas upon the claim was barred by the ordinary five-year statute of limitations of this state. The debt sued on matured October 1, 1886. The action was brought over twenty-six years later. During the first two years and three months of this period the defendant was in Connecticut, and therefore the operation of the Kansas statute of limitations was suspended. The petition alleges that on January 1, 1889, the defendant left Connecticut. It does not say that he then came to Kansas, or that he did not. It does not state when he did come to this state. It is absolutely silent as to his whereabouts during the interval of over twenty-four years. It does not even suggest any fact that would suspend the operation of the Kansas statute for any part of that time. A petition which shows that the claim sued on is outlawed is demurrable. (*Zane v. Zane*, 5 Kan. 134.) And that situation arises when the petition shows that the period of limitation has intervened between the accrual of the cause of action and the bringing of the suit, and nothing is said as to the defendant's residence or presence in or absence from the state, or as to any other matters that might prevent the running of the statute. Such was the character of the petition considered in the case just cited. In order not to be demurrable on the ground indicated the petition need not expressly negative every condition that might have interrupted the operation of the statute. A liberality of construction is properly indulged where a colorable attempt is made to plead

7—96 Kan.

such matter, but through inadvertence the allegation is defective. Thus an averment of nonresidence of the defendant has been given the effect, as against a demurrer, of an allegation of his personal absence from the state. (*Reed v. Humphrey,* 69 Kan. 155, 76 Pac. 390.) Here, however, as already said, there is no statement whatever concerning the defendant's residence or location after he left Connecticut. And manifestly the omission was not inadvertent, but intentional. The petition bears internal evidence of having been carefully drawn. Every other matter is treated in full detail. And if the plaintiff were really relying upon a claim that the defendant had not been in Kansas for five years since the accrual of the cause of action sued on, some expression of it would have been given in the trial court, either in the petition or in a request for leave to amend.

But the plaintiff has a theory that a cause of action which accrues in another state between nonresidents of Kansas is never barred here until the statute of limitations of that state has run against it; in other words, that the only statute which can ever be applied is that reading as follows:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action can not be maintained thereon by reason· of lapse of time, no action can be maintained thereon in this state." (Civ. Code, § 21.)

The plaintiff construes prior decisions of this court as making that statute exclusive in situations to which it applies, but we think they are not open to that construction. If in the instant case the defendant had removed from Connecticut to New Hampshire and remained there until the statute of limitations of the latter state had fully run, and had then come to Kansas, that fact would not have protected him against an action here. (*Land Co. v. Bassett,* 85 Kan. 48, 116 Pac. 475.) But the moment he came to Kansas the ordinary statute of limitations of this state would have begun to run, and unless interrupted by some new condition would in five years have barred any action here. The plaintiff seems to understand the decision just cited as holding that where the cause of action has accrued in another state it is never regarded as accruing anywhere else for any purpose, and that action upon the

claim remains always open unless it is barred by the statute of that state.  What was there said, however, was:

"An action on the contract is not barred by limitation in this state *by the provisions of section 21 of the civil code* until and unless the bar of limitation has fallen in such other state or country" (syl. ¶ 2);

"If the debtor removes from such [other] state [where the defendant was when the cause of action accrued] before the bar of limitation falls and does not return thereto, the *limitation of such state* not being complete therein and, by law, incapable of being started elsewhere, can never anywhere run in his favor" (p. 52); and

"Our courts and the courts of other states have so construed section 21 of our civil code, and other like statutes, that the cause of action arises, or accrues, in the state or jurisdiction where the debtor resides at the time his obligation matures; that it arises *within the meaning of such statutes* but once and not elsewhere."    (p. 53.)

But an action on a written contract is barred in this state *by section 17* of the code whenever the defendant has been here for five years, during which time the plaintiff might have sued him; and when the debtor leaves the state where the action accrued, before the claim is barred, and comes to Kansas, *the ordinary statute of limitation of this state* begins to run in his behalf; for the action is deemed to accrue *within the meaning of section 17* whenever, after the maturity of the debt, the defendant comes into this state and thus gives the plaintiff an opportunity to sue him here.

The decision of affirmance is adhered to.