BAHN ᴇᴛ ᴀʟ., Rᴇsᴘᴏɴᴅᴇɴᴛs, *v.* ESTATE OF FRITZ ᴇᴛ ᴀʟ., Aᴘᴘᴇʟʟᴀɴᴛs.

(No. 6,924.)

(Submitted March 18, 1932. Decided April 13, 1932.)

[10 Pac. (2d) 1061.]

*Mr. Edmund T. Fritz* and *Mr. J. C. Garlington,* for Appellants, submitted an original and a reply brief; *Mr. Fritz* argued the cause orally.

86

*Mr. C. E. Comer,* for Respondents, submitted an original and a supplemental brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiffs, as copartners, brought this action to establish a claim against the estate of Henry Fritz, deceased, based upon an account. The transaction giving rise to the claim occurred in the state of Illinois, in 1922, where all parties then resided and where plaintiffs still reside. The complaint contains two causes of action and is in the usual form for an action for goods sold, and it sets forth that Henry Fritz, the purchaser of the merchandise, died in the county of Missoula, this state, in January 1930; that Edmund T. Fritz was appointed administrator of the estate; that the claim was duly presented to, and rejected by, the administrator. The answer admits the presentation and rejection of the claim and denies the other allegations of the complaint.

By way of an affirmative defense the answer alleges: "That said Henry W. Fritz, now deceased, the party referred to in plaintiffs' complaint, became a resident of the county of Missoula, state of Montana, in the month of June, 1922, and has been at all times since a resident thereof, up to the date of his death, which took place on the ninth day of January, 1930. That said Henry W. Fritz never during his lifetime as aforesaid, nor have the defendants herein, at any time made or executed any acknowledgment or promise in writing, wherein

he or they acknowledged the indebtedness, or any part thereof, referred to or set forth in plaintiffs' complaint, or promised to pay the same or any part thereof. That said Henry W. Fritz never during his lifetime, nor have the defendants herein, made any payment of principal or interest of said indebtedness, or any part thereof.'' It then alleges ''that by reason of the premises, defendants allege that the two so-called separate causes of action as set forth in plaintiffs' complaint are barred by the provisions of sections 9030, 9031, 9032, 9033, 9034, and 9041 of the Code of Civil Procedure of the Revised Codes of Montana of 1921.''

Plaintiffs demurred generally and specially to the answer. The special demurrer was as follows: ''That the said defense is ambiguous, unintelligible and uncertain in this, that the said defense does not set forth any facts showing wherein the sections pleaded, to-wit, 9030 to 9034, inclusive, and 9041, of said code are applicable to the facts therein pleaded.'' The court sustained the demurrer. Defendants declined to plead further and announced that they admitted the allegations of the complaint. On motion of plaintiffs, judgment was entered in their favor, from which defendants appealed.

The only question presented by the appeal is whether the court erred in sustaining the demurrer to the answer. Solution of this question depends upon whether the statute of limitations was properly and sufficiently pleaded, and, if so, whether plaintiffs' claim is barred.

''In pleading the statute of limitations, it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section—(giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred.'' (Sec. 9173, Rev. Codes 1921.)

Plaintiffs assert that defendants have not alleged that Henry W. Fritz had been present in the state of Montana for the

statutory period necessary to bar the action. Their contention is that there is a distinction between being a resident of the state and being present in the state. Their contention that there is this difference is meritorious. (*Tracey* v. *Blood,* (Utah) 3 Pac. (2d) 263.) But it was not incumbent upon defendants to make any allegation with respect to the presence or absence of Fritz from the state for any specified length of time. When the action was commenced in this state defendants had the right to plead the statute relied upon by them, by reference to the section numbers. This they did. The general rule is that if plaintiffs would avoid the effect of the statute pleaded, it is incumbent upon them to plead facts tolling the running of the statute. (37 C. J. 1224; 17 R. C. L. 999, 1004; *Moe* v. *Shaffer,* 150 Minn. 114, 18 A. L. R. 1194, 184 N. W. 785; *Clawson* v. *Boston Acme Mines Co.,* 72 Utah, 137, 59 A. L. R. 1318, 269 Pac. 147; *Tracey* v. *Blood,* supra; *Shaw* v. *Dickinson,* 65 Okl. 186, 164 Pac. 1150; *Steinbruegge* v. *Prudential Ins. Co.,* 196 Mo. App. 194, 190 S. W. 1018.) Whether, in view of section 9173, a general denial of the allegations of the answer that the claim is barred, contained in the reply, would place the burden of proof on defendants to show presence in Montana for the statutory time, is not here involved, for there was no reply filed to the answer, but only a demurrer. We are therefore concerned with a question of pleading only, and not of proof.

The case of *Stoudt* v. *Hanson,* 62 Mont. 422, 205 Pac. 253, relied upon by plaintiffs, is not helpful here, for there the reply directly alleged the absence of the defendant from the state a sufficient length of time to prevent the running of the statute.

The answer, as above noted, alleges that the deceased became a resident of Montana in June, 1922, and at all times since has been a resident of this state. It is also in substance alleged that he never promised in writing to pay the indebtedness and never made any payments of principal or interest thereon. It then alleges that "by reason of the premises" the causes of action are barred by sections of the statute specifically referred to by number. It is argued by counsel

for plaintiffs that by this method of pleading defendants have limited the plea of the bar of the statute to residence, rather than presence, in Montana for five years and that, therefore, the plea is insufficient. He argues that it is the same as if defendants pleaded presence in Montana for four years, followed by the plea "that by reason of the premises" the causes of action are barred, when as a matter of fact they are not barred unless there has been five years' presence in this state.

There is a clear distinction between the two situations. The plea of residence in Montana for five years or more does not negative presence in this state for the required time to bar the action. The plea of presence for four years negatives the idea of presence for five years, and shows on the face of the pleading that the action is not barred. While we do not commend the answer as a model, yet it fairly apprised plaintiffs that the defense relied upon is the bar of the statute. The allegations in the answer with respect to the residence of Henry W. Fritz in Montana any length of time were unnecessary to state a defense and may be regarded as surplusage (49 C. J. 84), "the test being whether such matter could be stricken out and still leave a good pleading" (Id. 85, note 30). Treating the allegation of residence as surplusage and subject to a motion to strike, the phrase "by reason of the premises" would still have application to the allegations that the indebtedness was never acknowledged by an instrument in writing or revived by partial payments, and the answer would be sufficient as a plea of the statute of limitations. While not directly in point, the case of *Hyman* v. *Bayne,* 23 Ill. 256, sustains a plea very similar to that here, where residence rather than presence was pleaded in support of the bar of limitations.

There was a sufficient plea of the statute of limitations, and the answer was not subject to demurrer, either general or special, if any of the statutes pleaded have application to the causes of action pleaded in the complaint.

Were the causes of action barred by the statutes pleaded? It appears from the complaint that the claim is based on an open account. The parties have treated the causes of action

as based on an account not founded upon an instrument in writing. This likewise appears from the answer. The applicable statute, therefore, is section 9030, Revised Codes of 1921, which prescribes a limitation of five years, unless, as plaintiffs contend, section 9063 prescribes a different limitation. If section 9030 is alone applicable, the claim was barred unless plaintiffs take issue on that point by appropriate allegations in the reply, and the proof shows absence of Fritz from the state sufficient to prevent the running of the statute. And if the cause was barred, the administrator properly rejected the claim and in fact was required so to do. (Sec. 10179, Id.)

As stated above, plaintiffs assert that section 9063 is the controlling statute here; that this is a special case within the meaning of section 9011, where a different limitation is prescribed by section 9063, than in the general limitation statutes of which section 9030 is one. Section 9063 provides: "Where a cause of action, which does not involve the title to or possession of real property within the state, accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him or his personal representative, after the expiration of the time limited by the laws of his residence for bringing a like action, except by a resident of the state, and in one of the following cases: 1. Where the cause of action originally accrued in favor of a resident of the state. 2. Where, before the expiration of the time so limited, the person, in whose favor it originally accrued, was or became a resident of the state; or the cause of action was assigned to, and thereafter continuously owned by, a resident of the state."

In general, plaintiffs contend that since the causes of action arose in Illinois, where all parties then resided, they are not barred here unless also barred under the laws of Illinois. In effect their contention is that by virtue of section 9063, whether the causes are barred depends upon the statutes of Illinois and not other statutes of Montana. The statute is not open to that construction. It confers no right upon a nonresident plaintiff. It simply makes a prohibition or prescribes an additional limi-

tation available to defendant in a proper case. That is to say, it in effect says that, in addition to all other statutes of limitations available to a debtor, there is the additional limitation that, "where a cause of action * * * accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him or his personal representative, after the expiration of the time limited by the laws of his residence for bringing a like action." The statute, as applied to this case, simply means that, if the action was barred in Illinois when it was commenced here, plaintiffs could not maintain it. It has no application to the facts here, where defendants rely upon the bar of the Montana statute, irrespective of whether the claim is barred by the laws of Illinois. If the claim is barred under the laws of Illinois, that would give defendants an additional right, not asserted here. Like interpretation of an identical statute was made in *Goldberg* v. *Lippmann*, 6 Misc. Rep. 35, 25 N. Y. Supp. 1003, and *Howe* v. *Welch*, 14 Daly, 80. (And see *Taylor* v. *Syme*, 17 App. Div. 517, 45 N. Y. Supp. 707.)

The case of *Kirsch* v. *Lubin*, 131 Misc. Rep. 700, 228 N. Y. Supp. 94, 100, affirmed in 223 App. Div. 826, 228 N. Y. Supp. 825, gives the full history and purpose of the New York statute (sec. 390, Code Civ. Proc.), identical with our section 9063, and of companion section 390-a, having a like purpose, and cites authorities from other jurisdictions sustaining the interpretation placed upon the statute by the New York courts. It also cites cases from Kentucky, relied upon by plaintiffs here, which take the opposite view, and says: "But the interpretation by the courts of that state [Kentucky] is exceptional, and it is safe to conclude that by the great weight of authority the rule is that statutes of the type considered are in the nature of additional limitations to those in force in the forum." (And see to the same effect, *Kahn* v. *Commercial Union of America*, 227 App. Div. 82, 237 N. Y. Supp. 94; *Farthing* v. *Sams*, 296 Mo. 442, 247 S. W. 111; *Brown* v. *Hathaway*, 73 W. Va. 605, 51 L. R. A. (n. s.) 95, 80 S. E. 959; *Perry* v.

*Robertson*, 96 Kan. 96, 150 Pac. 223; *Fletcher* v. *Spaulding*, 9 Minn. (Gil. 54) 64.)

We are satisfied that the above cases properly interpreted statutes similar to, if not identical with, section 9063, that the causes of action here pleaded are subject to the five-year statute of limitations, and that the answer was not subject to demurrer, general or special. In consequence it was error to sustain the demurrer.

The cause is remanded to the district court, with directions to set aside the judgment, to vacate the order sustaining the demurrer, and to enter an order overruling it.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.

Rehearing denied May 3, 1932.