**Clifford Wetzel, Plaintiff-Appellant, v. Dr. George A. Hart, Defendant-Appellee.**

**Gen. No. 11,699.**

Second District, Second Division.

May 23, 1963.

Cassidy & Cassidy, of Peoria (Thomas V. Cassidy, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (William J. Voelker, Jr., and Richard N. Molchan, of counsel), for appellee.

SPIVEY, J.

Plaintiff appeals from an order of the Circuit Court of Peoria County dismissing his complaint with prejudice and entering judgment for defendant and for costs.

The complaint filed on December 27, 1961, sounds in tort for the alleged negligence on the part of the defendant while performing professional medical services resulting in personal injuries to the plaintiff.

The cause of action accrued on October 19, 1958, in Cherokee, Oklahoma at which time plaintiff and defendant were both residents of the State of Oklahoma.

On September 1, 1960, the defendant and his family moved from the State of Oklahoma and established residence in Chillicothe, Illinois, where they have since resided.

The trial court's dismissal was predicated upon the fact that the cause of action was not commenced within two years next after the cause of action accrued. (Ill Rev Stats 1961, c 83, § 15.)

Plaintiff contends that the cause of action was timely filed by virtue of Chap 83, Sect 21, Ill Rev Stats 1961.

Chap 83, Sect 15, Ill Rev Stat, provides, "Action for damages for injury to the person, . . . shall be commenced within two (2) years next after the cause of action accrued." Section 19, Chap 83 provides, "If when the cause of action accrues against a person, . . . and, if after the cause of action accrues, he departs and resides out of the State, the time of his absence is no part of the time limited for the commencement of the action." Section 21, Chap 83 provides, "When a cause of action has arisen in a State or territory out of this State, or in a foreign county, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time. an action thereon shall not be maintained in this state."

Under the laws of Oklahoma there is a two-year period within which time an action for injury to the person must be commenced. (Okla Stats, Title 12, par 95) and a like statute to Chap 83, Sect 19, Ill Rev Stats, tolling the running of the statute during absence from the State. (Okla Stats, Title 12, par 98).

Plaintiff argues that defendant having removed himself from the State of Oklahoma, the Oklahoma two year limitation provision has not run, it having been tolled by the provisions of Title 12, par 98 of the Oklahoma Statute. He concludes therefore that

Chap 83, Sect 21, Ill Rev Stats applies and affords him a cause of action in Illinois in that the limitation statute in Oklahoma has not run.

Plaintiff rightfully concedes that Chap 83, Sect 19 is not available to him in the instant case and he is correct in stating that Chap 83, Sect 21 applies here.

 Statutes of Limitation are procedural and generally affect only the remedy and not substantive rights (Stanley v. Chastek, 34 Ill App2d 220, 180 NE 2d 512); are governed by the laws of the forum (Klages v. Kohl, 127 Ill App 70 and National Bank of Denison v. Danahy, 89 Ill App 92); and are available only as defenses [53 CJS Limitations of Actions, Sect 1(b)(1)].

██ Such statutes are statutes of repose (Glenn v. McDavid, 316 Ill App 130, 44 NE2d 84); should be liberally construed so that the object for which they are enacted may be attained (Warren v. Clemenger, 120 Ill App 435); and whether the cause of action has accrued within or without the State, the reason for the statute is the same (Davis v. Munie, 235 Ill 620, 85 NE 943).

In construing a like section (Sect 9063 of the Montana limitations statute) to Chap 83, Sect 19, the Supreme Court of Montana in Bahn v. Fritz's Estate, 92 Mont 84, 10 P2d 1061, said,

"In general, plaintiffs contend that since the cause of action arose in Illinois, where all parties then resided, they are not barred here unless also barred under the laws of Illinois. In effect their contention is that by virtue of section 9063, whether the causes are barred depends upon the statutes of Illinois and not other statutes of Montana. The statute is not open to that construction. It confers no right upon a nonresident plaintiff. It simply makes a prohibition or prescribes an additional limitation available to defendant in a proper case. That is to say, it in effect

says that, in addition to all other statutes of limitations available to a debtor there is the additional limitation that, 'where a cause of action . . . accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of a state against him or his personal representative, after the expiration of the time limited by the laws of his residence for bringing a like action.' The statute, as applied to this case, simply means that, if the action was barred in Illinois when it was commenced here, plaintiff could not maintain it. It has no application to the facts here, where defendants rely upon the bar of the Montana statute, irrespective of whether the claim is barred by the laws of Illinois. If the claim is barred under the laws of Illinois, that would give defendants an additional right, not asserted here. Like interpretation of an identical statute was made in Goldberg v. Lippmann, 6 Misc Rep 35, 25 NYS 1003, and Howe v. Welch, 14 Daly, 80. And see Taylor v. Syme, 17 App Div 517, 45 NYS 707." To like effect, Jenkins v. Thompson (Mo) 251 SW2d 325.

While not specifically mentioning Chap 83, Sect 19, we are not without precedent in Illinois. In the case of Horan et al. v. New Home Sewing Mach. Co., 289 Ill App 340, 7 NE2d 401, an action in tort was instituted in the Superior Court of Cook County on August 6, 1935 by a resident of New York. The cause of action accrued in New York on August 31, 1932. Defendant, prior to the running of the statute of limitations of the State of New York, removed himself from that State. It was agreed that the limitation of time within which an action might be brought in New York is three years and in Illinois two years. The Appellate Court affirmed an order of the trial court dismissing the cause of action on the ground that the Illinois two-year statute of limitations was controlling.

Plaintiff says that the Horan case is distinguishable in that the defendant was a corporation domiciled in

375

Illinois when the action accrued. We cannot read this statement out of the case. However, assuming that to be the fact then plaintiff, a nonresident on the date of accrual, would not fall within the purview of Chap 83, Sect 21, but would be bound by the general limitations, Sect 15 of that chapter (Chicago Mill & Lumber Co. v. Townsend, 203 Ill App 457).

We have carefully considered the cases cited by plaintiff and find that none of them are decisive of the issue presented by this appeal.

Representative among these are: Collins v. Manville, 170 Ill 614, 48 NE 914 in which it was held that an action could be maintained when the suit was commenced before the statute of limitations had not run (six years) in both Illinois and New York, where both parties were nonresidents when the cause of action accrued; Hayword v. Sencenbaugh, 141 Ill App 395, which stands for the proposition under Section 21, that if an action is barred in a foreign State then it cannot be maintained in Illinois; and Chicago Mill & Lumber Co. v. Townsend, 203 Ill App 457, holding absent an allegation that plaintiff and defendant were nonresidents of Illinois at the time the cause of action accrued, that Section 21 would not apply.

From the foregoing we conclude that the trial court properly dismissed plaintiff's complaint and that the general statute of limitations embodied in Chap 83, Sect 15 applied.

The Circuit Court of Peoria County is affirmed.

Affirmed.

WRIGHT, PJ and CROW, J, concur.