HENRY L. JANEWAY *et al.*

*v.*

A. BURTON.

*Opinion filed February 18, 1903.*

1. LIMITATIONS—*bar of foreign statute is unavailing unless action accrued in foreign State.* The bar of a foreign statute of limitations, even when properly pleaded, is available only when the cause of action accrued in the foreign State.

2. SAME—*absence from State prevents running of statute.* Absence from the State of the party against whom an action accrues prevents the running of the Statute of Limitations in his favor.

3. DAMAGES—*measure of, in action of trespass for conversion of property.* In an action of trespass for the conversion of property taken under a writ of replevin, the measure of damages is the value of the property at the time of the conversion, with legal interest.

4. NEW TRIAL—*specifying grounds for new trial waives others.* Specifying the grounds for new trial in the motion waives all other grounds or reasons.

5. SAME—*essentials of motion for a new trial for newly discovered evidence.* A motion for new trial upon the ground of newly discovered evidence should be supported by the affidavits of the witnesses relied upon to make the new proof, or some excuse should be shown for not obtaining them.

*Janeway* v. *Burton*, 102 Ill. App. 403, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

This was an action of trespass, brought in the superior court of Cook county by A. Burton, the appellee, against the appellants, Henry Janeway, William R. Janeway and Henry L. Janeway, Jr., co-partners. An attachment in aid was sued out and served on the agent of the defendants, as garnishee. In his answer the garnishee admitted that he had in his hands moneys of the defendants in excess of the plaintiff's demands.

The declaration alleged the wrongful taking by the defendants from the plaintiff of a lot of wall-paper, border

and decorations, by virtue of a writ of replevin obtained by them; that on the trial in the circuit court a judgment was entered in September, 1893, in his, appellee's, favor, and awarding him a return of the goods replevied; that defendants have not returned the goods but have converted them to their own use. The defendants pleaded not guilty and the five-year Statute of Limitations. The plaintiff replied that the defendants were residing in the State of New Jersey and out of the State of Illinois at the time the action accrued, and had not since been within this State. The defendants rejoined that such actions were barred by the statute of New Jersey, in which State the defendants resided at the time the cause of action accrued, in six years, and that the action being barred in New Jersey is barred here. To this rejoinder a demurrer was sustained. A trial was had, and the jury returned a verdict for appellee for $1260.16. A motion for a new trial was overruled and judgment entered on the verdict. The defendants appealed to the Appellate Court, where the judgment was affirmed, and they then took this appeal.

N. M. JONES, and H. S. SHEDD, for appellants.

JAMES HARVEY HOOPER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The first contention of appellants is, that the claim of appellee was barred by the Statute of Limitations, and that the court erred in sustaining the demurrer to appellants' rejoinder setting up the statute of New Jersey. No error was committed. The bar of the foreign statute, even when pleaded in proper form, is available only when the cause of action accrued in the foreign State. (*Hyman* v. *Bayne*, 83 Ill. 256; *Bemis* v. *Stanley*, 93 id. 230; *Collins* v. *Manville*, 170 id. 614; Rev. Stat. chap. 83, sec. 20.) Nor is the bar of the Illinois statute available.

Section 18 of the Limitation act provides that "if, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the times herein limited, after his coming into or return to the State." Appellants were out of the State when the action accrued, and have not since then come into or returned to the State. The statute, therefore, never began to run in their favor.

The next error alleged is the refusal of the court to give the following instruction for appellants:

"The jury are instructed that if they find the issues in this case in favor of the plaintiff, they should not assess his damages to exceed the actual value of the goods involved in this case at the time mentioned in the declaration."

This instruction was not correct, as the measure of damages in cases of this character is the value of the goods at the time of the conversion, with legal interest. *Sturges* v. *Keith,* 57 Ill. 451; *McLean County Coal Co.* v. *Long,* 81 id. 359.

The third point made by appellants is, that the court erred in not granting a new trial on the ground of newly discovered evidence. In their motion for a new trial the defendants specified six reasons on which their motion was based, but no one of them was based on the ground of newly discovered evidence. When certain grounds or reasons are specified all others are waived. (*Jones* v. *Jones,* 71 Ill. 562; *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 id. 104; *West Chicago Street Railway Co.* v. *Krueger,* 168 id. 586.) But, in any event, the showing made was clearly insufficient. The affidavit stated that the affiant "has learned that he can prove by reputable witnesses the value of said goods," and that he "believes that he can produce new material and additional evidence." The affidavit was made by an agent for the defendants, and besides failing to show due diligence was insufficient for other reasons. A motion for a new trial,

founded on newly discovered testimony, should be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied upon, or some excuse should be shown for not obtaining them. *Cowan* v. *Smith*, 35 Ill. 416; *Emory* v. *Addis*, 71 id. 273.

Appellants' fourth objection is, that the amount of the judgment is excessive. The Appellate Court affirmed the judgment, and finally disposed of this as well as all other matters of fact. Nor do we find any error in admitting or refusing to admit evidence to the jury.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*