A. D. Cowan, Appellee, v. E. E. Day, Appellant.

1. BROKERS AND FACTORS—*when real estate commissions earned.* If a broker is the procuring and efficient cause of the sale of property he becomes entitled to his commissions.

2. BROKERS AND FACTORS—*what not abandonment precluding right to commissions.* After a broker has produced a purchaser who has entered into a contract of purchase, the fact that he endeavors to sell such purchaser other property does not constitute an abandonment of the first transaction and deprive him of the right to commissions if he has produced a purchaser ready, able and willing to purchase.

3. NEW TRIAL—*when newly discovered evidence not ground for.* Newly discovered evidence will not require a new trial if it was not so clearly material and conclusive that its production would probably lead to a different result upon a new trial.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

LIVINGSTON & BACH, for appellant.

·· WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $100 rendered against him in favor of the plaintiff. The action is in assumpsit. The declaration alleges that the defendant requested the plaintiff to find and send to him a purchaser for certain real estate in the city of Bloomington, Illinois, and in consideration for so doing promised to pay the plaintiff a commission of two per cent of the amount such purchaser would pay for the premises; that the plaintiff did send to the defendant a purchaser for said premises to

whom the defendant sold the same for the sum of $6,000, whereby the defendant became liable to pay the plaintiff two per cent commission upon said purchase price, but had refused so to do.

The plaintiff testified that he was engaged in the real estate business at Bloomington; that in the latter part of June, 1908, the defendant told him that if he would find a buyer for a certain piece of property he would pay two per cent commissions. The defendant testified that all he told the plaintiff on the occasion in question was that he would not list the property with him, but that if he would sell the same for him for $6,500 he would pay him a commission. The defendant thereafter, on December 28, 1908, sold the property to one Mrs. Kane, for $5,000. The evidence showed that prior to the conversation referred to, the plaintiff had been endeavoring by correspondence to sell certain other property to Mrs. Kane, but had been unable to do so; that after his conversation with the defendant he told one Mrs. Crawford, a friend of Mrs. Kane, that the defendant's property was for sale, and asked her to so inform Mrs. Kane, but he was not personally acquainted with Mrs. Kane, and did nothing further in the matter than as stated, and that hearing nothing from Mrs. Kane thereafter relative to this particular property, he endeavored to interest her in other property which he had for sale. Mrs. Crawford testified, that at the request of the plaintiff, she told Mrs. Kane that the plaintiff had the defendant's property for sale and that he thought it would suit her and would like to have her look at it and call upon him about it.

At the time the defendant sold the property to Mrs. Kane, he had no knowledge that the plaintiff had ever communicated with her, directly or indirectly, relative to purchasing the same. Inasmuch as the evidence as to the terms of the contract between the parties is in conflict, and the finding of the jury relative thereto cannot be said to be clearly against the evidence, the plaintiff's version of the terms of the contract must be taken as the true one. Under such contract, all that the plaintiff was required to do to entitle him to commissions, was to procure a purchaser for the property who

was ready, willing and able to buy and complete the purchase. Although he did not personally introduce Mrs. Kane to the defendant or show her the property, or even communicate with her in person, she was induced to apply to the defendant through the instrumentality of the plaintiff. His efforts were thus the procuring or efficient cause of the sale of the property and he became entitled to commissions under his contract with the defendant. Hafner v. Herron, 165 Ill. 242.

It is contended by the defendant that the plaintiff having after the making of said contract, ceased his efforts to sell the property and endeavored to sell Mrs. Kane different property, he, the defendant, was justified in considering the contract as abandoned, and had the right thereafter to sell the property to Mrs. Kane through his own efforts, without becoming liable to the plaintiff for commissions under the contract. We do not think the fact that while the contract between the plaintiff and defendant was in force, the plaintiff did not confine his entire efforts to procuring a purchaser for the defendant's property, constituted an abandonment of his employment under the contract. All he was required to do thereunder was to cause to be found a purchaser for the property. There was nothing in the terms of the contract which required him to cease endeavoring to sell other properties listed with him to Mrs. Kane. He was not employed to sell the property but merely to send the defendant a purchaser, and when he called Mrs. Kane's attention to the fact that the property was for sale he had performed on his part. The theory of abandonment invoked has therefore no application to the present case.

We find no prejudicial error in the rulings of the court upon the evidence or instructions. The motion for a new trial because of newly discovered evidence was properly overruled. The evidence in question, even if admissible, is clearly not so material and conclusive that its production would probably lead to a different result upon a new trial. Janeway v. Burton, 201 Ill. 78.

The judgment of the circuit court is affirmed.

*Affirmed.*