PALMIERI, APPELLANT, *v.* AHART, APPELLEE.
(Two cases.)

(Nos. 255 and 256—Decided March 23, 1960.)

*Mr. Donald Williams* and *Messrs. Erb, Metcalf & Thomas,* for appellants.

*Messrs. Summers & Haupt,* for appellee.

RADCLIFF, J.   The factual situation in the two cases we are now reviewing is very simple.   On February 2, 1958, the appellant in case No. 255 was riding in a motor vehicle operated by her husband, the appellant in case No. 256, in Jackson County, West Virginia.   The appellants were involved in a collision with a car being operated by the appellee, who apparently was at fault.   The appellee, the defendant in the trial court in both cases, was a resident of the state of West Virginia at the time of the accident.   On the 4th day of October, 1958, the appellee moved from Charlestown, West Virginia, to Belpre, Ohio.

On March 6, 1959, Anna Palmieri, one of the appellants herein, filed suit in the Common Pleas Court of Washington County, Ohio, for damages for personal injury as a result of the accident in West Virginia.   On the same day, appellant Emil F. Palmieri filed suit against the appellee in the Common Pleas Court of Washington County for loss of services and medical expenses due to the injury to his wife resulting from the accident in West Virginia on February 2, 1958.   The defendant in the trial court, the appellee herein, filed a motion to dismiss in each case on the grounds that the cause of action was barred by the statute of limitations.   The trial judge sustained said motions and dismissed each case on the ground that each cause of action was barred by the statute of limitations.   From that final order these appellants perfected their appeals to this court.

The cases are consolidated for the purpose of this opinion. The appellants filed no assignments of error, but raise two questions in their brief which we will adopt as the assignments of error in disposing of these cases.   Those questions are:

1. Does the borrowed West Virginia statute of limitations for personal injuries begin to run in Ohio even prior to defendant's entry into Ohio?

2. Does the West Virginia statute for personal injuries apply in the case of an action for loss of services?

It is apparent that we are now faced with a question of conflict of laws. The borrowing statute referred to in the first question is Section 2305.20 of the Revised Code of Ohio, which reads as follows:

"If the laws of any state or country where a cause of action arose limit the time for the commencement of the action to a lesser number of years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years."

We all know that the statute of limitations in Ohio as to recovery for damages resulting from personal injury is two years. (Section 2305.10 of the Revised Code.) The statute of limitations in the state of West Virginia on February 2, 1958, was one year for recovery for damages resulting from personal injury. See Sections 5404, 5409 and 5477 of Michie's West Virginia Code, 1955. The problem is now apparent. The appellants herein, the plaintiffs in the trial court, were residents of the state of Ohio and were involved in an automobile accident in the state of West Virginia. Their causes of action, if any, arose in the state of West Virginia and produced the situation that was contemplated when the Legislature in our state adopted the so-called borrowing statute, Section 2305.20, quoted in full above. The potential defendant, or wrongdoer as he is designated in the state of West Virginia, was a resident of West Virginia at the time of the accident. The appellants, as too often they do, waited until nearly one year had passed before filing their suit in West Virginia, at which time they discovered that the prospective defendant or wrongdoer, the appellee herein, was no longer a resident of the state of West Virginia, but had moved to Belpre, Ohio, on or about the 4th of October 1958. The appellants then filed suits in Ohio and secured service on the appellee. The suits were commenced 34 days more than one year after the causes of action accrued. The appellee moved to dismiss on the ground that the actions were barred by the statute of limitations of the state of West Virginia.

There is a long line of cases on this problem, beginning with a case that arose in the territorial jurisdiction of this court, Meigs County. It is *Worth v. Wilson*, Wright, 162. The then Supreme Court of Ohio discussed the so-called borrowing

statute in that case even though the first borrowing statute had just been passed (1830) by the Legislature of Ohio and was not yet in effect. The Supreme Court of Ohio has treated more recently with the borrowing statute in *Alropa Corp.* v. *Kirchwehm*, 138 Ohio St., 30, 33 N. E. (2d), 655, and *Payne* v. *Kirchwehm*, 141 Ohio St., 384, 48 N. E. (2d), 224, 149 A. L. R., 1217. It is interesting to note that both these cases arose out of the first Florida land boom and that the same attorneys were involved in both cases, even though one arose in Clark County and the other in Cuyahoga County. The *Payne case* came to the Supreme Court by virtue of being certified as in conflict with a Court of Appeals' decision in the case of *Bowers* v. *Holabird, Exrx.*, 51 Ohio App., 413, 1 N. E. (2d), 326. In the *Payne case*, the Supreme Court of Ohio affirmed by implication the doctrine enunciated in the *Bowers case* because it reversed the Court of Appeals which held contra to the court that decided the *Bowers case*. The intent of the borrowing statute is clear and there are many reasons for the existence and adaption of such statutes. Sometimes the result of the application of the statute may seem to work a hardship, but we must remember that they also serve a very useful purpose, particularly when viewed from the point of view of potential defendants in litgation.

There is no question as to the propriety of the motive that caused the appellee to move to Ohio, and even if there were ulterior reasons prompting such a move it would have no effect upon the application of the rule of law involved.

The conclusion is inescapable that this borrowed West Virginia statute of limitations begins to run at the time the right of action accrues, and the fact that at the time the statute began to run the prospective defendant was not a resident of Ohio has no effect upon the results. If the law of West Virginia governs, and it certainly does in this case, the removal to Ohio has no effect upon it, as borrowing statutes have been universally construed not to include the borrowing of any of the tolling provisions as to the running of the statute of limitations. See *Wentz* v. *Richardson*, 165 Ohio St., 558, 138 N. E. (2d), 675, and 9 Ohio Jurisprudence (2d), 834 *et seq.*, Sections 117 to 122. We must conclude that the answer to the first question raised in the appellant's brief is yes.

The second question raised in appellant's brief is very interesting and tantalizing from an academic point of view. Emil Palmieri, the appellant in case No. 256, filed suit for loss of services and for medical expenses incurred by his wife. In Ohio, a cause of action for loss of services, even though it grows out of a personal injury case, has been held to come within the contemplation of Section 2305.09 (D) and is therefore governed by a four-year statute of limitations. This doctrine was adopted by the Supreme Court in *Kraut* v. *Cleveland Ry. Co.*, 132 Ohio St., 125, 5 N. E. (2d), 324, 108 A. L. R., 521. The appellant herein contends that as the basis for the cause of action for recovery for loss of services and medical expenses is entirely different in Ohio than it is in West Virginia, it does not fall within the meaning of the phrase ''in like causes of action'' in our borrowing statute, and that therefore the West Virginia one-year period of limitation should not apply to the loss of services suit. The Supreme Court of Appeals of West Virginia, in the case of *Barker* v. *Saunders*, 116 W. Va., 548, 182 S. E., 289, has declared that the one-year limitation does apply to actions for loss of services and for medical and surgical expenses. It seems to us that the borrowing statute was expressly designed to prevent anomalies from arising such as would arise if we adopted the view urged by the appellant. We do not mean to be critical of the decision of any court but it does seem a bit tortured to apply a one-year period of limitation against a person bringing an action to recover for her own injury, pain and suffering, yet permit the husband to have twice as much time in which to bring a suit for loss of services and medical expenses arising out of the same factual situation.

Down through the years the West Virginia courts have been troubled by their limitation of action laws, and those interested in cases similar to this should read *State, ex rel. Russell,* v. *Leedy,* 141 W. Va., 474, 91 S. E. (2d), 477, and *Tice* v. *E. I. Du Pont de Nemours & Co.* (W. Va., 1958), 106 S. E. (2d), 107. The last cited case brought about an amendment to Article 2, Chapter 55 of the West Virginia Code. The title of this Article is ''Limitation of Actions and Suits.'' This amendment became effective June 15, 1959. See Sections 5404, 5409 and 5477, Michie's 1959 Cumulative Supplement to West Virginia Code

of 1955. Now, West Virginia has a two-year statute of limitations for (a) recovery for damage to personal property and (b) recovery for damage resulting from personal injury. However, the one-year statute of limitations still applies to loss of services and medical expense actions.

Because we so rarely are confronted with questions involving conflict of laws we have already spent too much time on this opinion but we must suggest an examination of the article by Professor Nordstrom of Ohio State University, College of Law, in 16 O. S. L. J., 183, titled, "Ohio's Borrowing Statute of Limitations—A Quaking Quagmire in a Dismal Swamp." In this scholarly article you get a great deal of information that is helpful to define the battle lines which are drawn in conflict cases. It also causes nostalgia as it calls back the scent of ivy covered walls and the delicate coloring of ivory towers.

There can be no question that the one-year statute of limitation has been construed by the highest court in West Virginia as applying to actions for loss of services. Therefore, Ohio's borrowing statute applies in full force. It was just a situation such as this that was contemplated when the Legislature adopted the statute. The answer to the second question posed by the appellants is yes.

It follows from what we have said that the trial court properly dismissed the petitions in both cases now before this court and the judgments appealed from should be and are hereby affirmed.

*Judgments affirmed.*

GILLEN, P. J., and COLLIER, J., concur.