THIGPEN ET AL., APPELLANTS, *v.* GREYHOUND LINES, INC., APPELLEE.

(No. 8496—Decided March 28, 1967.)

*Mr. L. Bernard LaCour* and *Mr. Robert R. Crane,* for appellants.

*Messrs. Knepper, White, Richards & Miller* and *Mr. R. Douglas Wrightsel,* for appellee.

DUFFEY, P. J. This is an appeal from the sustaining of a demurrer to the petition and the dismissal of the action.

The petition alleges that appellants purchased passage on a bus in Selma, Alabama, for transportation to Cincinnati, Ohio. While in transit through Kentucky, the bus collided with another vehicle and appellants were injured. The injury occurred on July 20, 1963. Suit was filed in Franklin County on July 19,

1965. Appellee filed a special demurrer on the ground of the statute of limitations.

In Ohio, an action for bodily injury, whether based on contract or arising out of tort, is subject to a two-year limitation period. Section 2305.10, Revised Code; *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47. The action here was brought within the two-year period. However, appellee contends that Kentucky law and not Ohio law must be applied in determining the limitation period. Reliance is placed on Section 2305.20, Revised Code, repealed November 5, 1965. That statute before its repeal provided:

"If the laws of any state or country where a cause of action arose limit the time for the commencement of the action to a lesser number of years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years."

It is appellee's contention that Kentucky applies a one-year statute to bodily injury whether or not liability is based on contract or tort; and that Kentucky is a state where the cause of action "arose." In appellee's view, the applicable statute of limitations under Section 2305.20, Revised Code, at the time this suit was filed, was therefore one year rather than the two years permitted by the Ohio bodily-injury limitation.

Appellants contend that the cause of action is one based on the contract of carriage and that the contract action "arose" in either Ohio or Alabama, that Alabama applies a six-year period to such contract actions regardless of whether bodily injury is involved, and that accordingly Section 2305.20, Revised Code, would not operate in any event, and the Ohio two-year period therefore applies.

As a procedural matter, we find it difficult to reach appellee's contention. An Ohio court may take judicial notice of the statutes of a sister state. Sections 2317.44 and 2317.45, Revised Code. However, these statutes do not extend to foreign case law. *Conway* v. *Ogier* (1961), 115 Ohio App. 251. While this distinction seems fallacious and undesirable, and a bill has been introduced to change it, yet that change is the Legislature's prerogative and not that of this court..

The Kentucky statutes do not on their face show what

limitations apply to a bodily injury action based on contract. See Section 413.140, Kentucky Revised Statutes. That the application of a statute such as Kentucky's is not apparent on its face, see the discussion of the Ohio and other similar statutes in *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47. Since this case came before us on a demurrer to the petition, appellee has not yet been able to plead the case law of Kentucky.

However, we prefer to base our decision on broader grounds. In our opinion, the contract cause of action pleaded here "arose" in either Ohio or Alabama, and Kentucky law is not relevant.

The petition here specifically pleads a cause of action based on the contract of carriage. While the inclusion of recovery for bodily injury in that cause of action may affect the applicable statute of limitations, it does not change the basis of liability. In *Andrianos,* the Ohio Supreme Court recognized that an action against a carrier may be based on liability arising out of negligence or out of contract. The court did not hold that the cause of action was not one in contract, but simply that the meaning of "bodily injury" in the limitation statute encompassed both contract and tort actions. Thus, since in our view the cause of action here is clearly one in contract, the determinative issue in applying Section 2305.20, Revised Code, is to determine where that contract cause of action arose.

Kentucky is neither the place of making (or execution) of the contract nor the place of ultimate performance. Carrying appellants through the state of Kentucky does not make Kentucky a "place of performance" within conflict doctrines. It was "merely a means of enabling the company to perform by delivery" of the appellants at their destination. *Pittsburgh, Cincinnati, Chicago & St. L. Ry. Co.* v. *Sheppard* (1897), 56 Ohio St. 68, at 78. In *Sheppard,* horses were being transported from Illinois to Columbus, Ohio. In applying Ohio law, the court considered the passage through Indiana as irrelevant.

The fact that the collision here occurred in Kentucky was purely fortuitous. Even as a tort action, the facts as alleged in the petition are too incomplete to afford any conclusion on the degree of nexus that Kentucky has to the cause of action as compared to Ohio and Alabama. Compare *Babcock* v. *Jackson,*

12 N. Y. 2d 473, 191 N. E. 2d 279; Restatement, Second, Conflict of Laws, Tentative Draft No. 9, Section 379. In any event, the collision alone did not give rise to a contract, nor to a cause of action on a contract under Kentucky law. As to choice of law in contract cases, see the discussion by Professor Robert J. Nordstrom in 9 Ohio Jurisprudence 2d 729, Conflict of Laws, Section 61 *et seq.*

We do not mean to assume what statute of limitations would be applicable under Alabama law. It is dubious that Alabama law and not Ohio law applies. However, if Alabama law does apply, we must for the present accept the fair intendment of appellants' petition and the general propositions of law supported by the Alabama cases which are pleaded in that petition. While appellee has cited a federal decision which casts some doubt upon appellants' view of Alabama law, we do not consider that either party has sufficiently established the Alabama law so as to justify a conclusion on a demurrer to the petition.

It seems to us that the use of a demurrer in the present case cannot adequately present, much less resolve, the conflict of law issues which the facts create.

The trial court erred in sustaining the demurrer. The order of dismissal will be reversed and the cause remanded for further proceeding.

*Judgment reversed.*

DUFFY and TROOP, JJ., concur.