**Peter MANOS, Administrator of the Estate of Mike Manos, deceased, Plaintiff,**

**v.**

**TRANS WORLD AIRLINES, INC., a corporation, and Boeing Company, a corporation, Defendants.**

**Walter A. SCHANKE, as the Heir at Law and Next of Kin of Ellen C. Schanke, Philip Schanke, Elaine M. Schanke and Paul Eugene Schanke, and Walter A. Schanke, as Administrator of the Estates of Ellen C. Schanke, Philip Schanke, Elaine M. Schanke and Paul Eugene Schanke, Plaintiff,**

**v.**

**BOEING COMPANY, a corporation, Defendant.**

**Loretta GARTLEY, Plaintiff,**

**v.**

**BOEING COMPANY, a corporation, Defendant.**

**Elizabeth NESSLER, as Administrator of the Estates of Keith Burruss Trotter, Deceased, Patricia Faye Trotter, Deceased, Bonnie Lou Trotter, Deceased, Janet Ann Trotter, Deceased, and Keith Burruss Trotter, Jr., Deceased, Plaintiff,**

**v.**

**BOEING COMPANY, a corporation, Defendant.**

Bryan R. McCARTHY, as Administrator of the Estate of Eleanor W. Flegal, Deceased, and Bryan R. McCarthy, as Executor of the Estate of Dorothy A. Flegal, Deceased, Plaintiff,

v.

BOEING COMPANY, a corporation, Defendant.

Gwendolyn HEURTEVANT, as Widow of Francis Michael Heurtevant, Deceased, Michael Heurtevant, a minor, by Gwendolyn Heurtevant, his mother and next friend, Marc Heurtevant, a minor, by Gwendolyn Heurtevant, his mother and next friend, and James Otis as Administrator of the Estate of Francis Michael Heurtevant, Deceased, Plaintiffs,

v.

BOEING COMPANY, a corporation, Defendant.

Joseph SAINTON, Plaintiff,

v.

BOEING COMPANY, a corporation, Defendant.

Edward PFEFFER, as Administrator of the Estate of Edward C. Daly, Plaintiff,

v.

BOEING COMPANY, a corporation, Defendant.

Paul W. HANS, as Administrator of the Estate of Joseph J. Sondag, Plaintiff,

v.

BOEING COMPANY, a corporation, Defendant.

John TSAMANIS for the use and benefit of Emmanuel I. Tsamanis, Daphne Tsamanis, John Tsamanis, Sophia Papagaorgiou and Elizabeth Angelinaras, the heirs-at-law and next of kin of Peter Tsamanis, Deceased, Plaintiffs,

v.

BOEING COMPANY, a corporation, Defendant.

Nathan GRANSTEIN, as Executor of the Estate of Georgette Granstein, Deceased, Plaintiff,

v.

The BOEING COMPANY and Alitalia Airlines, Inc., Defendants.

John M. XIFARAS, Administrator of the Estate of Irene Sakellarios, Plaintiff,

v.

BOEING COMPANY, a corporation, Defendant.

Nos. 65 C 1932, 66 C 1586–66 C 1589, 66 C 2135–66 C 2139, 67 C 1144, 66 C 1147.

United States District Court

N. D. Illinois, E. D.

Feb. 3, 1969.

See also D.C. 295 F.Supp. 1166.

Jacobson, Lieberman, Levy & Baron, Chicago, Ill., for plaintiffs.

L. R. Voigts and John J. McLaughlin, Parrish, Guthrie, Colfelsh & O'Brien, Des Moines, Iowa, additional counsel for plaintiffs Pfeffer and Hans.

Weil, Gotshal & Manges, New York City, additional counsel for plaintiff Granstein.

Nicholas P. Christy, New York City, additional counsel for plaintiff Xifaras.

Heineke, Conklin & Schrader, Chicago, Ill., Mendes & Mount Matthew J. Corrigan and Randolph O. Petgrave, New York City, for defendants.

Donald P. Reel, Atlantic, Iowa, additional counsel for defendant Boeing Co.

## MEMORANDUM AND ORDER

ROBSON, District Judge.

In order that the trial of these cases might be simplified, the parties submitted for decision the issues of the law applicable on the question of liability, the question of damages, the question of the statute of limitations, and the question of warranty. In five of these twelve cases, this court deems that the defendant has moved for summary judgment on the ground that the

actions are barred by the applicable state's statute of limitations. As to these five cases, this court is of the opinion that the motions should be denied.

■ All of the cases arise out of the crash, on November 23, 1964, in Rome, Italy, of a Boeing 707 jet airliner, operated by Trans World Airlines. On the issue of liability, both parties agree that Italian law should govern. This is clearly called for since the applicable Illinois conflict of laws principle points unambiguously to the law of the place of the tort in order to determine whether in fact a tort was committed. Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Wartell v. Formusa, 34 Ill.2d 57, 59, 213 N.E.2d 544 (1966).

■■ On the issue of damages, the plaintiff argues that the law of the place of the tort (*lex loci delicti*) should also govern. The Illinois Supreme Court, however, has indicated that in certain situations the interests of one state will be such as to override the inflexible rule of *lex loci delicti*. *Wartell, supra; Manos v. Trans World Airlines, Inc.,* 65 C 1932 (N.D.Ill. Dec. 18, 1968), at 5–6. The place of injury in these cases is Italy. The predominant interests to be served on the issue of damages are those of the states containing the people or estates which will receive the recoverable damages, if any, for their injuries or their decedent's death. *Cf.* Thigpen v. Greyhound Lines, Inc., 11 Ohio App. 2d 179, 229 N.E.2d 107 (1967). It appears that on this issue of damages, Italy has little or no interest in having its law applied, since none of the persons entitled to damages are citizens of, or live or reside in Italy. In fact, it appears that the place of the crash was a mere fortuity in relation to the true interests presently to be served. Pearson v. Northeast Airlines, Inc., 309 F.2d 553

(2d Cir. 1962); Watts v. Pioneer Corn Company, Inc., 342 F.2d 617, 620 (7th Cir. 1965); *Wartell, supra,* citing with approval Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963); Restatement Second, Conflict of Laws, Tentative Draft No. 9, § 379. Also see this court's discussion in *Manos, supra,* at 5–8. Italian law, therefore, will not apply in any of these twelve cases.

■■ The plaintiffs, however, have expressed the concern that by not applying the law of Italy, this court is risking that many decisions will result from the same air crash. They urge that the need for uniformity and ease of decision militate in favor of the *lex loci delicti* rule.[1] The plaintiffs overlook the fact that this problem of applying numerous states' laws will not arise in all the twelve cases before this court. Only in those cases where an actual conflict exists will it be necessary for this court to decide which state's law applies. This is not merely stating the obvious. In most of the cases, and on most of the issues, all of the states whose laws might apply will have substantially the same law, and, as a result, a "false conflict" will be presented. Cavers, The Choice of Law Process, at 89 (1965). Where there are substantial differences, this consideration of differing laws and differing interests is an essential part of our federal system. The legitimate interests of a sister state (or even a sister country) are thereby considered and weighed before a judgment is rendered. The old *lex loci delicti* rule, while relatively simple to apply, worked injustices to some of the parties by ignoring these interests. E. g., Griffith v. United Air Lines, Inc., 416 Pa. 1, 13, 203 A.2d 796, 801 (1964). Having thus expressed this court's guiding principles, there is no need to rule in each of the cases where no conflict has been shown to exist.[2]

---

1. It should be noted that even the plaintiffs have contended that different laws should apply on different issues, *e.g.,* release and warranty. Thus, applying *lex loci delicti* does not insure a simple case.

2. In order for this court's guiding principles to be understood in practice, the five cases that are the subject of the discussion of the statute of limitations will also be discussed as to the applicable law

In five of the cases, however, there is a need to decide which state's law applies on the question of the statute of limitations: Schanke v. Boeing Co., 66 C 1586; Gartley v. Boeing Co., 66 C 1587; Nessler v. Boeing Co., 66 C 1588; McCarthy v. Boeing Co., 66 C 1589; and Tsamanis v. Boeing Co., 66 C 2139.

■ Even though it is this court's opinion that certain states' laws should be applied in these cases on the issue of damages under the relaxation of the *lex loci delicti* rule in *Wartell, supra*, this does not mean that these same states' statutes of limitations should also apply. In Illinois, the statute of limitations question is affected by the existence of the so-called "Borrowing Statute," Ill.

Rev.Stat.1967, ch. 83, § 21, which provides:

"When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state."

The defendant contends that this statute applies and points to the law of the plaintiff's or the plaintiff's decedent's domicile for the applicable statute of limitations. The plaintiffs, on the other hand, argues that this "Borrowing Statute" should not apply, and that the Illinois two-year statute of limitations should govern, since the law of the forum governs as to such matters of procedure.[3]

---

on the issue of damages. (False conflicts exist in most, however.)

In *Schanke, supra*, the case was brought by Walter A. Schanke as the heir and as the administrator of the estates of Ellen, Philip, Elaine and Paul Schanke. All of the relevant contacts are in California: the heir is a resident of California; the plaintiff's decedents had resided in California, and the estate was probated in Los Angeles County, California.

The plaintiff in *Gartley, supra*, is suing on her own behalf for the injuries she sustained as a result of the crash. Although she received medical treatment in Italy, her home, job, and voting residence are all in California, and, therefore, the relevant contacts in her case are centered in California.

The plaintiff in *McCarthy, supra*, is suing as the administrator of the estates of Eleanor and Dorothy Flegal, both residents of California. The estates were probated in Marin County, California. Thus, the relevant contacts also point to California.

The suit in *Tsamanis, supra*, is brought solely on behalf of the heirs and next-of-kin of Peter Tsamanis, who died in the crash. All of these heirs are citizens and residents of Greece. It is not clear where the estate was probated. The deceased was a resident of Canada, but this has little relevance since none of the recovery would go there unless the estate were administered there and the administrator were joined in this suit. Even

given those facts, it is not clear that Greece would not still be the country whose law would apply.

In *Nessler, supra*, the plaintiff is suing as the administrator of the estates of Keith, Sr., Patricia, Bonnie, Janet, and Keith Trotter, Jr. The Trotter family lived and worked in Arizona, and their estates were probated in Arizona. The relevant contacts therefore point to Arizona as the state whose law would apply. The defendant, however, contended that California law should apply, but only on the ground that the plaintiffs had agreed to this. It is true that the plaintiffs wanted California law to apply on the issue of the effect to be given the signed releases, but on the issue of damages, as in all the other cases, the plaintiffs have contended that Italian law should govern.

Even if the California one-year statute of limitations were held to apply to *Schanke, Gartley* and *McCarthy*, all *supra*, it is not clear that these actions would be barred, since the plaintiffs did not address themselves to the problem of whether there might be exceptions based on the defendant's conduct, settlement negotiations, etc., Salmons v. Jameson, 144 Cal.App.2d 698, 301 P.2d 431, 435 (1956); Neff v. New York Life Ins. Co., 30 Cal.2d 165, 180 P.2d 900, 171 A. L.R. 563 (1947), summary judgment would be premature at this time on the record as it now stands.

3. It is agreed that under the Illinois statutes, if they apply, the actions were timely filed. Ill.Rev.Stat.1967, ch. 83 § 15, and ch. 70 § 2.

Neither of the parties' positions can be accepted completely.

■ Several cases have held that the Illinois statute of limitations applied even though the cause of action "arose" outside the state. *E. g.,* Wetzel v. Hart, 41 Ill.App.2d 371, 190 N.E.2d 619 (2d Dist. 1963); Jackson v. Shuttleworth, 42 Ill.App.2d 257, 192 N.E.2d 217 (3rd Dist. 1963), and cases cited therein.[4] However, in all of these Illinois cases, either or both of the parties (corporate and individual) were or became residents of the State of Illinois at some time before or after the suit was filed. Although it is true as plaintiffs contend, that the "Borrowing Statute" is silent on the matter, the cases have been clear that where both parties resided and continued to reside outside Illinois, the "Borrowing Statute" is the only statute which applies. I.L.P., Limitations § 5, at 181; Ester, Borrowing Statutes and the Conflict of Laws, 15 Fla.L.Rev. 33, 69 (1962), and cases cited therein. In all

five of the cases presently before this court, all of the parties reside and have resided outside the State of Illinois since the cause of action "arose."[5] Therefore, the "Borrowing Statute" must be held to apply. However, this does not end this court's inquiry.

■ The statute provides for the application of the statute of limitations of that state or foreign country where the cause of action "has arisen." This term has been unambiguously construed in tort cases[6] to mean that the Illinois courts will apply the law of the "place where the last act occurred to create liability." Ester, *supra,* at 45–48; Janeway v. Burton, 201 Ill. 78, 66 N.E. 337 (1903); Gray v. American Radiator and Standard Sanitary Corp., 22 Ill.2d 432, 435, 176 N.E.2d 761 (1961); Smith v. Bain, 123 F.Supp. 632 (M.D.Pa.1954). This place in these cases is Italy, and no statute of limitations has been shown to exist under Italian law that would bar these plaintiffs from suing in this

4. In Horan v. New Home Sewing Machine Co., 289 Ill.App. 340, 7 N.E.2d 401 (1st Dist.1937), the court applied the two-year Illinois statute of limitations instead of the three-year New York statute, even though the injury occurred in New York. The plaintiffs were residents of New York, and the defendant probably was a resident of Illinois, thus making the "Borrowing Statute" inapplicable. But even if the defendant were a resident of another state, the forum's statute of limitations is usually applied regardless of the residence of the parties, if the forum's statute is *shorter.* Comment, Foreign Statute of Limitations: Borrowed Only to Shorten the Period of Limitations of the Forum, 1962 U.Ill.L.F. 452 (1962). In the cases presently before the court, the defendant is urging that the *foreign state's* shorter statute of limitations should apply.

5. It is agreed that Boeing Co. is "amenable to jurisdiction" in the Northern District of Illinois. Under the venue statutes, a corporation "resides" in any county where it does business. Ill.Rev.Stat. 1967, ch. 110 § 6. Many of the earlier cases construing the "Borrowing Statute" were presented with corporations as parties, and apparently did not consider the effect of a corporation's transacting

business in Illinois. If Boeing Company, admittedly doing business in this district, is considered a "resident" under the "Borrowing Statute," then the two-year statute of limitations of Illinois would apply. The result in the cases presently before this court would still be the same, as will be seen below.

6. The rule in contract cases is apparently different. In Hyman v. McVeigh, 87 Ill. 708 (1877), cited by the defendant, the court said: "The words 'when a cause of action has arisen,' as they occur in the statute pleaded, should be construed as meaning, when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action, if properly invoked; or in other words, when the plaintiff has the right to sue the defendant in the courts of the state upon the particular cause of action, without regard to where the cause of action had its origin." Ester, *supra,* at 52, and cases cited therein at nn. 87–89. Italy, California, and perhaps several other jurisdictions fall within this "contract" construction. Thus, even if the "contract" construction were to be used, the result might well be the same. *Cf.* *Thigpen, supra,* with Palmieri v. Ahart, 111 Ohio App. 195, 167 N.E.2d 353 (1960).

court. The defendant might well complain that this approach is really a statement of the outmoded *lex loci delicti* rule. However, this court has no trouble in retaining the *lex loci delicti* rule where, as in this case, a statute governs the application of a foreign state's statute of limitations. However desirable it might be to apply another jurisdiction's laws, this court cannot stretch the guidelines set forth in *Wartell, supra,* any further. Such a proposition is for the Illinois Supreme Court or the Illinois legislature, and not for a federal court sitting in diversity.

 The plaintiffs are also basing their recovery on the theory of express or implied warranty. They claim that since the aircraft was manufactured, sold and delivered in the State of Washington, that Washington law should apply, according to the applicable Illinois conflict of laws principle. The defendant contends that the law of Italy should apply, since that country was the site of the crash. Not only does this position of the defendant run counter to its position on the prior issues of the effect to be given the signed releases and the law applicable to the issue of damages, but it runs contrary to one of the defendant's defenses to the Amended Complaint. See, e. g., Tsamanis, supra, Answer, at 3–4. The defendant correctly points out that the Illinois choice-of-law principle demands that the law of the state where the article was sold defines and limits an action for the alleged breach of an express or implied warranty. Hardman v. Helene Curtis Industries, Inc., 48 Ill.App.2d 42, 58–63, 198 N.E.2d 681, 12 A.L.R.3d 1033 (1st Dist. 1964); I.L.P., Sales § 4. The aircraft involved in this crash was sold under a written contract entered into in Washington on March 19, 1956, and was delivered on May 9, 1960, also in Washington. The court concludes that the Washington law should apply.

 The defendant goes one step further. It argues that, if Washington law applies, a three-year statute of limitations which began to run when the aircraft was delivered bars any recovery for breach of warranty. Wash.Stat. § 4.16.080. However, under Washington law, the statute does not start running until the cause of action accrues, i. e., when the plaintiff has the right to sue. Wash.Stat. § 4.16.010; Gray v. Goodson, 61 Wash.2d 319, 378 P.2d 413, 417 (1963). The plaintiffs in these actions did not have the right to sue until the crash occurred on November 23, 1964, and all the suits were filed within the time prescribed by the Washington statutes.

It is, therefore, ordered that the defendant's motions for summary judgment be, and they are hereby denied.