**KLONDIKE HELICOPTERS, LTD.,**
**Plaintiff,**

**v.**

**FAIRCHILD HILLER CORPORATION,**
**Defendant.**

**No. 70 C 3168.**

United States District Court,
N. D. Illinois, E. D.

Dec. 10, 1971.

McKenna, Storer, Rowe, White & Haskell, Chicago, Ill., for plaintiff.

Irving G. Swenson, Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This is an action for damages resulting from the crash of a helicopter manufactured by the defendant and purchased by the plaintiff. Jurisdiction is based on diversity of citizenship. 28 U.S.C. Section 1332. Plaintiff is a British Columbian citizen with its principal place of business in Canada. Defendant is a Maryland corporation with its principal place of business in Maryland. The helicopter in question was manufactured by defendant in California and sold to plaintiff on either October 7, 1964 or December 18, 1964. This contract was executed and the aircraft delivered in California. On September 17, 1967, the helicopter crashed in the Canadian province of British Columbia. This action was filed on December 17, 1970. Plaintiff has also filed an identical action against the defendant in the Superior Court of the State of Washington for King County.

Defendant has filed an answer to the complaint with an affirmative defense and a motion to dismiss. Defendant moves for dismissal on several grounds. First, he alleges that this action is barred by the appropriate statutes of limitations. Secondly, he alleges that

the complaint is defective, as plaintiff has failed to allege freedom from contributory negligence. Finally, defendant alleges that this action should be dismissed on the doctrine of forum non conveniens or, alternatively, transferred to the United States District Court in Seattle, Washington. We will deal with the defendant's contentions in that order.

A federal district court sitting in a diversity action should apply the forum state's conflict of laws rules. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). This means we should reach the same result regarding conflicts of laws as an Illinois state court would if it were hearing this action. Plaintiff's amended complaint contains six counts. Two of the counts allege negligence by the defendant. Two counts assert a claim based on product liability. One count alleges that defendant breached a continuing contract to supply certain information relating to servicing the aircraft. A final count alleges breaches of both express and implied warranties. For statute of limitations purposes, the product liability counts will be treated with the negligence counts, as both clearly sound in tort. Williams v. Brown Manufacturing Co., 45 Ill.2d 418, 261 N.E.2d 305 (1970). The basic Illinois statute of limitations for actions of this sort relating to property damage may be found in Illinois Revised Statutes, Chapter 83 Section 16 (Smith-Hurd 1966). This section states that an action for damage to property shall be commenced within five years after the cause of action accrued. In negligence actions, a cause of action accrues when the last act occurred to create liability. Gray v. American Radiator and Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961). In the instant action, this occurred when the aircraft crashed. As the crash took place in September, 1967, and this action was filed in December, 1970, plaintiff is well within the Illinois statute of limitations. The Illinois courts have also held this last event rule applicable to product liability actions. Williams v. Brown Manufacturing Co., *supra*. Therefore, the product liability counts were also timely filed.

The contract counts, both as to breach of contract and those based on warranties, present different problems. The basic applicable statute of limitations may be found in Illinois Revised Statutes, Chapter 26, Section 2–725 (Smith-Hurd 1963). This section provides that an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. Subsection two goes on to state:

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. Ch. 26, § 2–725(2).

The exception contained in this subsection saves Count II of the complaint relating to a contract to provide information regarding servicing the aircraft as this contract called for a continuing duty to provide this information.

This exception also seems applicable to plaintiff's Count III. Plaintiff alleges that defendant breached both express and implied warranties. These warranties relate to the merchantability of the aircraft. It seems reasonable to expect a warranty of this nature to continue beyond the tender of delivery and extend for the life of the product. For this reason, the alleged warranties extended to future performance within the meaning of Section 2–725(2). The four year period began to run from the date of discovery of the alleged breach—1967. Therefore, the plaintiff's Count III is not barred by the Illinois statute of limitations.

This result leads to the next problem in the analysis of the statute of limitations issue. Simply because an action is timely and properly brought under the forum's local statute of limitations does not necessarily mean that it may still not run afoul of other applicable statutes of limitations. The reason for this is the presence of the Illinois borrowing statute. Illinois Revised Statutes, Chapter 83, Section 21 (Smith-Hurd 1966). The Illinois borrowing statute states:

When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state. Ch. 83 § 21.

As Illinois' only connection with this action is the presence of this suit in our courts, it seems quite clear that the "cause of action" has arisen elsewhere. The problem, therefore, is to determine where the cause of action arose; what that forum's statute of limitations is; and whether the action would be barred there. Again, for the purpose of analysis, the tort and contract counts will be dealt with separately.

■ The first issue which requires resolution is the locus of the tort cause of action. The rule is that a tort cause of action has arisen "where the last act occurred to create liability." Manos v. Trans World Airlines, Inc., 295 F.Supp. 1170, 1175 (N.D.Ill.1969). That decision by Chief Judge Robson of this Court involved an airplane crash in Italy. The plane had been manufactured and sold in Washington. Questions arose as to the applicable statute of limitations for both tort and warranty questions. This court held that under the Gray v. American Radiator and Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961) case, the tort occurred when the actual accident took place—the plane crash. While this court is quite aware that the Manos case was decided prior to the Illinois Supreme Court's decision in Ingersoll v. Klein, 46 Ill.2d 42,

262 N.E.2d 593 (1970), we feel that the court's reasoning in Manos is still valid. In Ingersoll, Illinois adopted the "most significant relationship" test of the Second Restatement of Conflicts to determine what substantive law should be applied to a tort action. Ingersoll does not speak to the issues of where and when a cause of action arises, but rather goes to the question of what substantive law shall govern it. However, even if we were to apply Ingersoll to determine what statute of limitations to apply, the result would be the same. Under the Gray-Manos approach, the crash in British Columbia is determinative. Under the Ingersoll-Second Restatement approach, it is necessary to determine what state had the most significant relationship with the action to justify application of its laws. As stated in Ingersoll, the forum should consider:

(a) The place where the injury occurred. (b) The place where the conduct occurred. (c) The domicile, nationality, place of incorporation and place of business of the parties. (d) The place where the relationship of the parties is centered. 46 Ill.2d at 48, 49, 262 N.E.2d at 596.

■ The injury involved occurred in British Columbia. The conduct occurred in California and British Columbia. The plaintiff is domiciled and has its principal place of business in British Columbia. The defendant is domiciled and has his principal place of business in Maryland. The relationship of the parties was originally centered in California, but in 1965 defendant moved its California manufacturing operation to Maryland and totally extinguished all of its California connections. As a result, the center of the relationship moved to British Columbia where the aircraft was used and where the defendant knew the aircraft was to be used. With these contacts in mind, it seems obvious that British Columbia has the most significant relationship with the action. Therefore, were we to apply the Gray-Manos "last event" test or the Ingersoll

"most significant relationship" test, the result under the borrowing statute is the same. The tort cause of action arose in British Columbia. The British Columbian statute of limitations for tort actions is six years. Revised Statutes of British Columbia, Chapter 370, Section 3 (1960). Therefore, as the Illinois borrowing statute only applies if the action would be barred in that other jurisdiction, i. e., where the cause of action arose, and as it was clearly brought within the six year period, the Illinois borrowing statute has no application to the count's sounding in tort.

The rules relating to where a contractual cause of action arose are somewhat different. The basic rule is that a contractual cause of action arises when the contract is executed and where the article is sold. Hardman v. Helene Curtis Industries, Inc., 48 Ill.App.2d 42, 198 N.E.2d 681 (1st Dist. 1964); and Harris v. American Surety Co., 372 Ill. 361, 24 N.E.2d 42 (1939). The contract involved in the instant action was executed in California, and the aircraft was delivered to plaintiff in California. Therefore, the cause of action arose in California for purposes of the Illinois borrowing statute.

The issues, then, are which California statute of limitations is applicable and when does it begin to run. Count II alleges a contract to supply plaintiff with service information. Unfortunately, plaintiff has not elected to advise this court whether he is alleging the breach of a written or oral contract. As plaintiff drafted the complaint and failed to state whether the contract is oral or written and, if the latter, has failed to include a copy as an exhibit, we must assume the contract alleged in Count II of the complaint to be oral. Actions on oral contracts are governed by Section 339 of the California Code of Civil Procedure. It requires that an action must be filed within two years or be barred. This presents the problem of when the statute begins to run. The rule has been stated in Howe v. Pioneer Manufacturing Company, 262 Cal.App.2d 330, 68 Cal.Rptr. 617, 623 (1st Dist. 1968):

> It is the general rule that the applicable statute of limitations begins to run even though the plaintiff is ignorant of his cause of action or of the identity of the wrongdoer.

However, a judicially created exception exists which is quite similar to the Illinois discovery rule. Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 12 Cal.Rptr. 257, 360 P.2d 897 (1961). This exception applies to plaintiff's Count II, which alleges a contract with the continuing duty to supply plaintiff with the necessary information to properly service the aircraft. The surest method of alerting someone to the possibility that an aircraft was not properly serviced is to have it crash. Thus, the statute runs from September 17, 1967, and any action based upon an oral contract filed after September 17, 1969 is barred. This action was originally filed on December 17, 1970. Therefore, Count II is barred.

Count III of the complaint presents different problems. One issue facing this court is whether the express warranty claims fall under the statute dealing with written contracts or that dealing with oral contracts. As the above noted exception relating to prospective performance also applies to both warranty claims, the length of the statute is critical. California provides for a four year period for written contracts, but only two years on oral contracts. California Code of Civil Procedure, Sections 337 and 339. The implied warranty clearly falls under the oral contract provision and is, accordingly, barred.

The express warranty, however, presents a problem. Section 337(1) of the California Code of Civil Procedure provides, "[w]ithin four years: 1. An action upon any contract, obligation or liability founded upon an instrument in writing. . . ." The actual bill of sale, however, makes no reference to any express warranties, and plaintiff

has not provided any written contract with these references. We must, then, make a determination whether express oral representations without any written reference in the contract itself falls under the two or four year statute. This issue has been decided by the California courts. In Benard v. Walkup, 272 Cal. App.2d 595, 601, 77 Cal.Rptr. 544, 548 (1st Dist. 1969), the court stated:

> In making this determination it is not sufficient that the cause of action is in some way remotely or indirectly connected with such an instrument or that the instrument is a link in the chain establishing the cause of action, but the instrument must, itself, contain a contract to do the thing for the nonperformance of which the action is brought.

See, also, O'Brien v. King, 174 Cal. 769, 164 P. 631 (1917); and McCarthy v. Mt. Tecarte Land & Water Co., 111 Cal. 328, 43 P. 956 (1896). As the bill of sale itself contains no reference to any warranties, those that may have existed are governed by Section 339 which provides for a two year statute of limitations. Accordingly, they are barred.

■■ Defendant has also moved to dismiss on the grounds that the negligence counts fail to allege freedom from contributory negligence as required by Illinois' pleading rules. While this court agrees with defendant that a proper complaint filed in the Illinois state courts must allege freedom from contributory negligence, the Federal Rules of Civil Procedure contain no such requirement. Rule 8(a) of those rules sets out the standards which a pleading must meet. They simply require a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rules of Civil Procedure 8(a). As defendant is well aware, the Federal Rules treat contributory negligence as an affirmative defense which must be pleaded in answer, as de-

fendant has done. Even though this court is sitting as a diversity court and as such is bound to follow state law on all substantive questions, an exception exists. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In the case of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L. Ed.2d 8 (1965), the Supreme Court, through Mr. Chief Justice Warren, made it clear that when an area was covered by the Federal Rules of Civil Procedure:

> [T]he court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions. 380 U.S. at 471, 85 S.Ct. at 1144.

This court believes Rule 8(a) to be valid and, therefore, binding upon us. The pleadings in question fully comply with the federal standard, and thus should not be dismissed.

■ Defendant also asks this court to dismiss on forum non conveniens grounds or to transfer this action to the Federal District Court in Seattle, Washington. In support of this request, defendant asserts that an identical action is now pending in the Superior Court of King County, Washington. Aside from the pendency of that other action, this court can see no reason whatsoever to transfer this action to Washington. Therefore, as defendant should only have to defend one action, this court now requests plaintiff to dismiss the state court action, or this court will feel obligated to dismiss the instant action pursuant to Illinois Revised Statutes, Chapter 110, Section 48(1) (c) [Smith-Hurd 1968].

In summary, it is the holding of this court that defendant's motion to dismiss is granted as to Counts II and III of plaintiff's complaint, and denied as to all other counts and grounds.