Arnold L. Fein, J.
This is a motion by plaintiff for an order pursuant to CPLR 3211 (subd. [b]) dismissing the first affirmative defense of defendant United Air Lines and the first affirmative defense in the joint answer of defendants the Boeing Company and Kollsman Instrument Corporation.
Plaintiff has been appointed by the Court of Probate, Manchester, New Hampshire, as the executrix of the estate of her deceased husband, Kenneth J. Gumming, who was killed o'ñ August 16, 1965 when a Boeing 727, on a scheduled flight from La Guardia Airport in New York to Chicago, crashed into the navigable waters of Lake Michigan, 20 miles east of Lake Forest, Illinois.
*1025 The action is for wrongful death and for surviving claims for conscious pain and suffering. The affirmative defenses sought to be dismissed plead that Illinois law is applicable because the death occurred in the territorial waters of the State of Illinois, and that recovery is limited to $30,000, pursuant to the Illinois wrongful death statute.
Plaintiff’s motion to strike must be granted on the authority of Thomas v. United Air Lines (24 N Y 2d 714, cert. den. 396 U. S. 991), in which the Court of Appeals held, with respect to four wrongful death actions arising out of the same accident as is here involved, that the Illinois wrongful death statute does not apply.
All defendants cross-move for leave to plead as an affirmative defense that plaintiff’s rights, if any, are governed by the New Hampshire wrongful death statute and for an order pursuant to CPLB. 3212 (subd. [e]) dismissing all claims on behalf of the plaintiff in excess of $40,000 and for partial summary judgment in favor of defendants with respect to any alleged damages in excess of that sum, on the ground that the New Hampshire statute limits recovery to $40,000.
Plaintiff opposes the cross motions upon the ground that plaintiff is entitled to recover the full pecuniary loss sustained, or “ fair and just compensation ”, without any statutory limit, because this is an action for death on State navigable waters, governed by general admiralty law or the common law of New Hampshire. Plaintiff relies on the recent decision in Moragne v. States Marine Lines (398 U. S. 375), overruling prior decisions, and holding for the first time, that there is an admiralty cause of action for wrongful death with respect to maritime torts on State navigable waters, not dependent on adjacent State law. (See Hornsby v. Fish Meal Co., 431 F. 2d 865.) However, unlike this case, the facts in Moragne provided a basis for a finding of a maritime tort for unseaworthiness of a vessel, if such a tort were cognizable under general admiralty law. Decedent there was killed while working aboard a vessel on navigable waters within the State of Florida. There was a palpable maritime nexus involving the nature and locale of the work. On this basis, the court found the existence of a maritime tort cognizable in the Federal courts, acknowledging the holding of the Florida courts that Florida’s wrongful death statute did not encompass unseaworthiness as a basis for liability. However, Moragne did not hold or state that the adventitious crash, into the navigable waters of a State, of a land based aircraft *1026 on an overland flight, involved a maritime tort, regulated by Federal rather than State law.
The Court of Appeals in Thomas (24 N Y 2d 714, supra), reversing the Appellate Division, expressly declined so to hold, indicating serious doubt that a maritime tort was here involved, because no martime right or duty was violated and no maritime connection or transaction was shown. As the court said (p. 720): “ a maritime tort is one of a maritime nature, rather than any tort which merely occurs, or in this case, terminates, on the water. ’ ’
The Thomas court then held that it was appropriate to employ a choice of law process in each of the four cases before it (pp. 723-724) quoting Manos v. Trans World Airlines (295 F. Supp. 1170, 1173): “ The predominant interests to be served on the issue of. damages are those of the states containing the people or estates which will receive the recoverable damages, if any, for their injuries or their decedent’s death.”
This is in accord with the ‘ ‘ significant contact ” or “ paramount interest ” choice of'law doctrine applicable to torts involving multi-State contacts. (Long v. Pan Amer. World Airways, 16 N Y 2d 337; Babcock v. Jackson, 12 N Y 2d 473; Dym v. Gordon, 16 N Y 2d 120; see Lauritzen v. Larsen, 345 U. S. 571, applying this doctrine in Federal cases.)
At all the times here involved, the decedent and his family were residents of the State of New Hampshire. Decedent’s tickets were purchased in Manchester, New Hampshire, for a transcontinental flight on various airlines from Manchester, New Iiamphire, to San Francisco, California and return, with a number of stops enroute, both ways. So far as appears, his only contact with the State of New York was the fact that he boarded the plane for the New York to Chicago leg of the trip at La Guardia Airport. His only contact with the State of Illinois was the fact that the plane was destined to land at O’Hare Airport, Chicago, Illinois, and that it crashed within the navigable waters of the State of Illinois in Lake Michigan.
It is palpable that New Hampshire is the jurisdiction having the paramount interest in the outcome of this litigation in accordance with the tests laid down in the cited cases. Accordingly New Hampshire law applies and the cross motions of the defendants to amend their answers to plead the New Hampshire wrongful death statute must be granted. However, plaintiff contends that the $40,000 limit imposed by the New Hampshire death statute, in effect at the time of this accident, is not applicable because in 1971 the New Hampshire statute was *1027 amended to increase the limit to $120,000 and that by reason thereof the proposed amended answer should be limited to permitting a plea of the $120,000 limit. The defendants have cited authorities to the effect that such change in limitation cannot be retrospective (Conn v. Young, 267 F. 2d 725; Keating v. Gilsum, 100 N. Y. 84; Murphy v. Boston & Maine R. R., 77 N. H. 573). Although these decisions are in accordance with the general rule, no cases have been found which interpret a statute in the form of the New Hampshire wrongful death statute, which, after imposing the limitation states: 11 provided, however, that in the trial of any such action by jury, the jury shall not be informed of the limitation of recovery imposed by this section, and if the jury awards damages in excess of such limitation the court shall reduce the amount of damages awarded to conform to such limitation.” (N. H. Rev. Stai, § 556:13).
This language appears both in the statute imposing the $40,000 limitation and in the amended statute imposing the $120,000 limitation. Moreover, it is not necessary now to require defendants to plead the statute in its amended form. At the' time of the trial the trial court will be in a better position to determine, on the basis of New Hampshire cases, which may possibly pass on this question in the interim, whether the statute is to be given retrospective effect. The trial court will be required to take judicial notice of the New Hampshire statute and cases interpreting it as amended. For the same reason that branch of the defendants’ cross motions which seeks partial summary judgment dismissing any claim in excess of $40,000 must be denied. Since the New Hampshire statute makes it necessary to submit to the jury all of the evidence concerning damages and imposes on the Trial Judge the duty of reducing the verdict if it exceeds the statutory limitation, none of the purposes of our summary judgment statute will be served by granting defendants partial summary judgment at this juncture.
Defendants Kollsman and Boeing also cross move for leave to amend their answers to plead as second affirmative defenses that the ‘ ‘ maritime ’ ’ cause of action now alleged by plaintiff is barred by the Statute of Limitations. There is no basis for such relief. Plaintiff has not moved to amend her complaint. She merely seeks to have it construed as pleading a cause of action in maritime tort cognizable under Federal maritime law. As already indicated, it is doubtful that this is a maritime tort. Moreover, no new facts are pleaded. It is merely asserted that the facts already pleaded state such a cause of action. Even if it were sought to amend the complaint so to plead, CPLR *1028 203 (subd. [e]) provides: “A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading. ’ ’
The complaint in this action in its present form gives the defendants all of the notice to which they are entitled as to the transactions, occurrences or series of transactions or occurrences involved.
Accordingly plaintiff’s motion to strike the affirmative defense is granted and defendants’ cross motions to plead the New Hampshire wrongful death statute as an affirmative defense are granted. Plaintiff’s motion and defendants’ cross motions are in all other respects denied.
(On motions for reargument, March 28, 1972)
Plaintiff moves for reargument and renewal on the ground that subsequent to this court’s decision dated December 1, 1971, the Supreme Court of the United States dispelled any doubt that an airplane crash on State navigable waters gives rise to a martime tort. Plaintiff relies on Victory Carriers v. Law (404 U. S. 202 [1971]).
Defendant United cross-moves for reargument and renewal and for amendment of the prior notice of cross motion dated September 10, 1971 to include a prayer for an order dismissing the complaint on the ground of forum non conveniens, that ground having not been raised before. Boeing and Kollsman join in defendant United’s application.
Plaintiff’s motion for reargument and renewal is denied. It has not been shown that the court overlooked any controlling fact or principle of law. Plaintiff’s reliance on the Victory case is misplaced. That case does not speak to the issue whether the crash, into the navigable waters of a State, of an aircraft on an overland flight involves a maritime tort.
The cross motions, belatedly attempting to raise a new issue of forum non conveniens are denied. In addition to being procedurally defective, they suggest no facts warranting dismissal on the ground of forum non conveniens. Silver v. Great Amer. Ins. Co. (29 N Y 2d 35R) and Pharo v. Piedmont Aviation (29 N Y 2d 710) are not to the contrary.